■ HEARY BROS. LIGHTNING PROTECTION CO., INC., et al., Appellants-Respondents, v INTERTEK TESTING SERVICES, N.A., INC., Formerly Known as ETL TESTING LABORATORIES, INC., and Others, Respondent-Appellant. (Appeal No. 1.) [780 NYS2d 691]—

Appeal and cross appeal from an order of the Supreme Court, Erie County (Joseph G. Makowski, J.), entered February 24, 2003. The order, among other things, granted defendant's motion in part, set aside the award of damages and granted a new trial on damages unless plaintiffs stipulate to an award of damages in the amount of $410,000.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by vacat-

ing the provision that plaintiffs stipulate to an award of damages in the amount of $410,000 and providing that the new trial shall be on damages from September 1998 to April 2000 and as modified the order is affirmed without costs.

Memorandum: Plaintiffs and defendant entered into two written agreements in 1994, collectively referred to by the parties as the Listing, Labeling, and Follow-Up Service Agreement (listing agreement), whereby defendant agreed to test plaintiffs' lightning protection equipment known as Early Streamer Emission equipment. The listing agreement provided that defendant would test the equipment according to the draft standard of the National Fire Protection Association (NFPA), known as "Draft NFPA 781" (NFPA 781), which had not yet been adopted by the NFPA as a standard. Defendant determined that plaintiffs' product was in compliance with NFPA 781 and thereafter provided plaintiffs with conditions that plaintiffs would be required to meet in order for defendant to continue to list plaintiffs' products and to permit plaintiffs to use defendant's trademark on those products. In October 1996 defendant notified plaintiffs that the NFPA withdrew the NFPA 781 standard and that defendant therefore could no longer list plaintiffs' products. The parties thereafter agreed to continue the listing agreement pending litigation commenced by plaintiffs in federal court against the NFPA and others (*Heary Bros. Lightning Protection Co. v Lightning Protection Inst.*, 287 F Supp 2d 1038 [D Ariz 2003]). Pursuant to an interim settlement agreement in that federal action, the technology utilized in plaintiffs' products was tested by an independent evaluation panel. That panel reported to the NFPA in April 2000 that the technology relied upon by the NFPA in creating NFPA 781 was not scientifically and technically sound as it related to certain claimed protection areas, and thus the NFPA declined to adopt NFPA 781. While the litigation and settlement agreement were pending between, inter alia, plaintiffs and the NFPA, defendant advised plaintiffs on July 1, 1998 that it was terminating the listing agreement permitting plaintiffs to use defendant's trademark based on plaintiffs' alleged violation of the listing agreement. Plaintiffs commenced the instant action asserting causes of action for, inter alia, breach of contract and the violation of the Donnelly Antitrust Act, specifically, General Business Law § 340. In its answer, defendant asserted counterclaims for breach of contract and the violation of the Lanham Act, specifically, 15 USC § 1125 (a), and under General Business Law § 360-*l*. Supreme Court granted defendant's motion for a directed verdict on the cause of action alleging the violation of the Donnelly Antitrust Act and the jury awarded damages for breach of contract in the

total amount of $2,208,360 for the time period from September 1998 through December 2006. The court granted that part of defendant's motion pursuant to CPLR 4404 seeking to set aside the award of damages and granted a new trial on damages unless plaintiffs stipulated to damages in the amount of $410,000.

In appeal No. 1, plaintiffs appeal from that part of the order granting a new trial on damages in the event they do not stipulate to the reduced damages, and defendant cross-appeals from that part of the order denying that part of its motion seeking judgment notwithstanding the verdict in its favor on plaintiffs' cause of action for breach of contract, or in the alternative, a new trial on damages. In appeal No. 3, defendant appeals from an order denying its motion for a directed verdict on the breach of contract cause of action.

Addressing first defendant's cross appeal from the order in appeal No. 1 and defendant's appeal from the order in appeal No. 3, we reject the contention of defendant that the verdict finding that it breached the listing agreement is not supported by sufficient evidence (*see Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]). With respect to plaintiffs' appeal and defendant's cross appeal in appeal No. 1, we conclude that the court properly determined that the jury's award of damages is against the weight of evidence inasmuch as the evidence does not support the jury's finding that plaintiffs' damages extended to December 2006. We nevertheless agree with plaintiffs, however, that the court erred in limiting the award of damages to $410,000, and we agree with defendant that the court erred in awarding damages after April 2000. With respect to the court's limitation of the award of damages to $410,000, we note that, although plaintiffs' expert testified that damages for the breach of contract cause of action were in the amount of $410,000, he explained that he so stated only to avoid double-counting the damages for the causes of action for breach of contract and the violation of the Donnelly Antitrust Act. "A party may not recover damages for lost profits unless they were within the contemplation of the parties at the time the contract was entered into and are capable of measurement with reasonable certainty . . . The second requirement, that damages be reasonably certain, does not require absolute certainty . . . It requires only that damages be capable of measurement based upon known reliable factors without undue speculation" (*Ashland Mgt. v Janien,* 82 NY2d 395, 403 [1993]; *see Kenford Co. v County of Erie,* 73 NY2d 312, 319 [1989]; *Kenford Co. v County of Erie,* 67 NY2d 257, 261 [1986]). We conclude that the expert's testimony does not preclude an award of damages for lost profits on the

cause of action for breach of contract, and we further conclude that such damages were within the contemplation of the parties and are capable of measurement with reasonable certainty.

With respect to the court's award of damages after April 2000, we note that, pursuant to the terms of the listing agreement, plaintiffs could not use defendant's trademark if there was no standard by which to test plaintiffs' products. Thus, we agree with defendant that the court erred in determining that plaintiffs' damages should be calculated to November 2000. The NFPA determined in April 2000 that it would not adopt NFPA 781, and the trademark therefore could not be used after April 2000. "It is axiomatic that . . . the law awards damages for breach of contract to compensate for injury caused by the breach—injury which was foreseeable, i.e., reasonably within the contemplation of the parties, at the time the contract was entered into . . . In other words, so far as possible, the law attempts to secure to the injured party the benefit of his bargain, subject to the limitations that the injury—whether it be losses suffered or gains prevented—was foreseeable, and that the amount of damages claimed be measurable with a reasonable degree of certainty and, of course, adequately proven . . . But it is equally fundamental that the injured party should not recover more from the breach than he would have gained had the contract been fully performed" (*Freund v Washington Sq. Press,* 34 NY2d 379, 382 [1974]; *see also Bogdan & Faist v Cai Wireless Sys.,* 295 AD2d 849, 853-854 [2002]). We therefore conclude that, by the terms of the listing agreement, the parties agreed that, in the event there was no standard by which to test plaintiffs' equipment, plaintiffs would no longer be permitted to use defendant's trademark. Inasmuch as NFPA 781 was no longer available to defendant as of April 2000, plaintiffs cannot recover for any profits they allege were lost after that time as a result of defendant's breach of the listing agreement because plaintiffs would then "recover more from the breach than [they] would have gained had the contract been fully performed" (*Freund,* 34 NY2d at 382). We therefore conclude that the verdict awarding damages after April 2000 is against the weight of the evidence (*see generally Lolik v Big V Supermarkets,* 86 NY2d 744, 746 [1995]).

Defendant failed to preserve for our review its contention that the court improperly shifted the burden of proof in its charge to the jury (*see* CPLR 4110-b) and, in any event, we conclude that defendant's contention is without merit. We have reviewed the remaining contentions of the parties and conclude that they are without merit. We therefore modify the order in

appeal No. 1 by vacating the provision that plaintiffs stipulate to an award of damages in the amount of $410,000 and providing that the new trial shall be on damages from September 1998 to April 2000. Present—Pigott, Jr., P.J., Green, Scudder, Kehoe and Hayes, JJ.