■ Boaz Spitz, Respondent-Appellant, v Carl M. Klein et al., Appellants-Respondents, et al., Defendants. [823 NYS2d 487]—

In an action, inter alia, to recover damages for breach of contract and fraud, the defendants Carl M. Klein, Newport

Sales, Inc., and AML Realty LLC, appeal from so much of an order of the Supreme Court, Nassau County (Galasso, J.), entered May 5, 2005, as denied those branches of their motion pursuant to CPLR 3211 (a) (5), (7), and 3016 (b), which were to dismiss the first cause of action to recover damages for breach of contract and the eighth cause of action to recover damages for fraud insofar as asserted against them, the defendant Marilyn Spitz separately appeals from so much of the same order as denied that branch of her separate motion pursuant to CPLR 3211 (a) (7) and 3016 (b), which was to dismiss the eighth cause of action to recover damages for fraud insofar as asserted against her, and the plaintiff cross-appeals, as limited by his notice of appeal and brief, from so much of the same order as granted that branch of the motion of the defendants Carl M. Klein, Newport Sales, Inc., and AML Realty LLC which was to dismiss the seventh cause of action for a constructive trust insofar as asserted against those defendants.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion which were to dismiss the cause of action to recover damages for breach of contract insofar as asserted against the defendants Carl M. Klein and Newport Sales, Inc., and to recover damages for fraud insofar as asserted against the defendants Carl M. Klein, Newport Sales, Inc., and AML Realty LLC, and denying that branch of the separate motion which was to dismiss the eighth cause of action to recover damages for fraud insofar as asserted against the defendant Marilyn Spitz, and substituting therefor provisions granting those branches of the motions; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendants Carl M. Klein, Newport Sales, Inc., AML Realty LLC, and Marilyn Spitz, appearing separately and filing separate briefs.

That branch of the motion which was to dismiss the cause of action to recover damages for breach of contract insofar as asserted against the defendants Carl M. Klein and Newport Sales, Inc., should have been granted. The alleged oral agreement, by its terms, was incapable of full performance within one year and its enforcement was therefore barred by the statute of frauds (see General Obligations Law § 5-701 [a] [1]).

Moreover, the cause of action alleging fraud, insofar as asserted against the defendants Carl M. Klein, Newport Sales, Inc., AML Realty LLC, and Marilyn Spitz, should have been dismissed for failure to state a cause of action. The allegation that the plaintiff transferred shares of the defendant Newport Sales, Inc., based on the misrepresentation of the defendant

Carl M. Klein that such transfer was necessary for tax purposes, was insufficient to state a cause of action to recover damages for fraud as the claim was based merely on an allegation that the defendant Carl M. Klein "urged" the plaintiff to transfer the shares for tax purposes (*see O'Brien v O'Brien,* 258 AD2d 446 [1999]). Furthermore, the plaintiff could not have justifiably relied upon that representation (*see McGovern v Best Bldg. & Remodeling,* 245 AD2d 925 [1997]).

Finally, the cause of action for a constructive trust was properly dismissed, as the complaint failed to allege that the plaintiff made a transfer in reliance on a promise made to him (*see Matter of Noble,* 31 AD3d 643 [2006]). Florio, J.P., Krausman, Luciano and Skelos, JJ., concur.