ELMHURST DAIRY, INC., Appellant, v BARTLETT DAIRY, INC., Respondent, et al., Defendants. [949 NYS2d 115]—

The plaintiff, a milk processor, entered into a contract (hereinafter the Elmhurst/Bartlett contract) with the defendant Bartlett Dairy, Inc. (hereinafter Bartlett), which sells milk at wholesale. The Elmhurst/Bartlett contract states, inter alia, that Bartlett "is desirous of having all of its requirements of milk and milk products that [it] sells as a dealer" (hereinafter milk requirements) "processed and packaged at [the plaintiff's] plant." The Elmhurst/Bartlett contract provides that while it is in effect, Bartlett would have all of its milk requirements processed and packaged exclusively by the plaintiff. The contract took effect on December 1, 2003, and was to continue at least through November 30, 2013. The parties operated under the Elmhurst/Bartlett contract for a number of years, during which time Bartlett purchased all of its milk requirements from the plaintiff for sale to various stores and other entities in and around New York City, including stores belonging to the defendant Starbucks Corporation (hereinafter Starbucks).

According to the parties' pleadings, however, Bartlett eventually informed the plaintiff that, during the term of the Elmhurst/Bartlett contract, it would stop selling the plaintiff's milk to the Starbucks stores in and around New York City. Instead, under an alternate arrangement (hereinafter the delivery arrangement), the defendants Dean Foods Company and Tuscan/Lehigh Dairies, Inc. (hereinafter Dean and Tuscan, respectively), which also are in the business of processing milk, would sell milk directly to the Starbucks stores and, for a fee, Bartlett would deliver the milk processed by Dean and Tuscan to those stores.

The plaintiff commenced this action asserting, inter alia, causes of action against Bartlett to recover damages for breach of contract and breach of the covenant of good faith and fair dealing. The plaintiff alleged, among other things, that the delivery arrangement violated the exclusivity provision of the Elmhurst/Bartlett contract, and that Bartlett was unfairly circumventing the exclusivity provision of the Elmhurst/Bartlett contract. Bartlett moved to dismiss the amended complaint insofar as asserted against it pursuant to CPLR 3211 (a) (1) and (7). The Supreme Court granted the motion. The plaintiff appeals, and we reverse.

Contrary to the plaintiff's contention, the Supreme Court properly determined that the Elmhurst/Bartlett contract is unambiguous and that, while the exclusivity provision of that

contract prohibits Bartlett from selling or distributing milk that it purchased from a processor other than the plaintiff, it does not prohibit Bartlett from delivering, for a fee, milk from a processor other than the plaintiff (*see Greenfield v Philles Records*, 98 NY2d 562, 569-570 [2002]; *Bridge Pub. Relations & Consulting, Inc. v Hylan Elec. Contr., Inc.*, 65 AD3d 603, 603-604 [2009]).

Nonetheless, the Supreme Court erred in determining that the amended complaint failed to state a cause of action as against Bartlett. On a motion to dismiss pursuant to CPLR 3211 (a) (7), "the standard is whether the pleading states a cause of action," and, in considering such a motion, "the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Sokol v Leader*, 74 AD3d 1180, 1180-1181 [2010] [internal quotation marks omitted]; *see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). When the moving party submits evidentiary material in support of his or her motion, "the criterion then becomes 'whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one' " (*Sokol v Leader*, 74 AD3d at 1181-1182, quoting *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). However, "a motion to dismiss pursuant to CPLR 3211 (a) (7) must be denied 'unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it' " (*Sokol v Leader*, 74 AD3d at 1182, quoting *Guggenheimer v Ginzburg*, 43 NY2d at 275). When the amended complaint here is viewed as a whole, the plaintiff unequivocally alleges that, although the defendants claim that Bartlett is merely delivering Dean and Tuscan's milk under the delivery arrangement, Bartlett may in fact be selling or distributing such milk in violation of the Elmhurst/Bartlett contract. Contrary to Bartlett's contention, the record does not show that a material fact claimed by the plaintiff to be a fact is not a fact at all and that there is no significant dispute about that fact (*see Sokol v Leader*, 74 AD3d at 1182; *Guggenheimer v Ginzburg*, 43 NY2d at 275).

Moreover, contrary to Bartlett's contention, the record does not contain documentary evidence within the intendment of CPLR 3211 (a) (1) which conclusively establishes that, under the delivery arrangement, Bartlett is not selling or distributing milk processed by Dean and Tuscan in violation of the Elmhurst/Bartlett contract (*see Granada Condominium III Assn. v Palomino*, 78 AD3d 996, 997 [2010]; *Fontanetta v John Doe 1*, 73

AD3d 78, 83 [2010]; *Herrnsdorf v Bernard Janowitz Constr. Corp.*, 67 AD3d 640, 643 [2009]; *Berger v Temple Beth-El of Great Neck*, 303 AD2d 346, 347 [2003]).

Furthermore, the Supreme Court failed to specifically address the plaintiff's cause of action alleging a breach of the covenant of good faith and fair dealing. Implicit in every contract is a covenant of good faith and fair dealing which encompasses any promise that a reasonable promisee would understand to be included (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 318 [1995]; *Dalton v Educational Testing Serv.*, 87 NY2d 384, 389 [1995]; *Murphy v American Home Prods. Corp.*, 58 NY2d 293, 304 [1983]; *Outback/Empire I, Ltd. Partnership v Kamitis, Inc.*, 35 AD3d 563 [2006]). Even if a party is not in breach of its express contractual obligations, it "may be in breach of the implied duty of good faith and fair dealing . . . when it exercises a contractual right as part of a scheme to realize gains that the contract implicitly denies or to deprive the other party of the fruit [or benefit] of its bargain" (*Marion Scott Real Estate, Inc. v Rochdale Vil., Inc.*, 23 Misc 3d 1129[A], 2009 NY Slip Op 50997[U], *8 [2009]; *see Moran v Erk*, 11 NY3d 452, 456 [2008]; *Dalton v Educational Testing Serv.*, 87 NY2d at 389).

Here, the amended complaint alleges that Bartlett, Dean, Tuscan, and Starbucks "voluntarily entered into an agreement to engineer the suspension of Bartlett's purchasing obligations from (the plaintiff)," and that Bartlett has effectively converted that portion of its milk distribution business which was formerly devoted to Starbucks sales into a milk delivery business. According to the plaintiff, Bartlett has diverted that business away from the plaintiff to different processors (Dean and Tuscan), even though the plaintiff is entitled to that business under the Elmhurst/Bartlett contract. Thus, the plaintiff has alleged that the new delivery arrangement deprives it of the fruit, or benefit, of the exclusivity provision of the Elmhurst/Bartlett contract, and that Bartlett may have acted in bad faith to circumvent its exclusivity obligations under the Elmhurst/Bartlett contract (*see Moran v Erk*, 11 NY3d at 456; *see Dalton v Educational Testing Serv.*, 87 NY2d at 389; *see also* UCC 2-306 [2]; *NCC Sunday Inserts, Inc. v World Color Press, Inc.*, 759 F Supp 1004, 1009 [1991]).

Contrary to Bartlett's contentions, the cause of action alleging a breach of the covenant of good faith and fair dealing alleges that Bartlett violated an obligation that is not inconsistent with the other terms of the contractual relationship between Bartlett and the plaintiff (*see Dalton v Educational Testing*

*Serv.*, 87 NY2d at 389; *Phoenix Capital Invs. LLC v Ellington Mgt. Group, L.L.C.*, 51 AD3d 549, 550 [2008]), and it is not duplicative of the cause of action alleging breach of contract.

Accordingly, the Supreme Court should have denied Bartlett's motion. Balkin, J.P., Hall, Lott and Cohen, JJ., concur.