■ IAN STOKOE et al., Appellants, v E-LIONHEART, LLC, et al., Respondents. [11 NYS3d 199]—

In an action to recover on 12 promissory notes and 10 personal guarantees on the notes, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), entered July 17, 2013, as denied that branch of their motion which was for summary judgment on the issue of damages.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiffs' motion which was for summary judgment on the issue of damages is granted.

In 2008 and 2009, hedge funds managed by Corey Ribotsky gave convertible debentures to the defendants E-Lionheart, LLC, E-Lionheart Associates, LLC, Fairhills One, LLC, Fairhills Two, LLC, Fairhills Three, LLC, and Fairhills Four, LLC (hereinafter collectively the defendant corporations), which were controlled by the defendant Edward Bronson, in exchange for promissory notes executed by Bronson on behalf of the defendant corporations. Bronson also executed personal guarantees on the notes. It is undisputed that the defendants did not make any payments due under the notes. After the hedge funds commenced bankruptcy proceedings, the plaintiffs, who were the hedge funds' joint liquidators, commenced this action to recover on the notes and guarantees by motion for summary judgment in lieu of complaint pursuant to CPLR

3213. Bronson opposed the motion, contending that Ribotsky fraudulently induced the defendants to enter into the transactions by misleading them as to the value of the convertible debentures. The corporate defendants defaulted in opposing the motion.

In the order appealed from, the Supreme Court granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability, but denied that branch of the plaintiffs' motion which was for summary judgment on the issue of damages. In doing so, the Supreme Court concluded that, rather than the face value of the notes, the plaintiffs were only entitled to recover the value of the corporate debentures at the time of the transactions. The Supreme Court further concluded that the defendants were entitled to discovery regarding the value of the corporate debentures at the time of the transactions. The plaintiffs appeal from so much of the order as denied that branch of their motion which was for summary judgment on the issue of damages.

Damages for breach of contract are intended "to place the nonbreaching party in as good a position as it would have been had the contract been performed" (*Brushton-Moira Cent. School Dist. v Thomas Assoc.*, 91 NY2d 256, 261 [1998]). "In other words, so far as possible, the law attempts to secure to the injured party the benefit of his bargain" (*Freund v Washington Sq. Press*, 34 NY2d 379, 382 [1974]). Thus, contrary to the conclusion of the Supreme Court, the plaintiffs are entitled to recover, as damages, the amounts due under the promissory notes and guarantees. The plaintiffs established, prima facie, the amounts that were due under the promissory notes and guarantees (*see Sun Convenient, Inc. v Sarasamir Corp.*, 123 AD3d 906, 907 [2014]; *Manufacturers & Traders Trust Co. v Capital Bldg. & Dev., Inc.*, 114 AD3d 912, 912-913 [2014]). In opposition, Bronson failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the plaintiffs' motion which was for summary judgment on the issue of damages.

Bronson's remaining contentions are either without merit or not properly before this Court. Skelos, J.P., Dickerson, Miller and Hinds-Radix, JJ., concur.