■ Tommy Gutierrez, Respondent, v Government Employ-ees Insurance Company, Appellant. [25 NYS3d 625]—

In an action to recover damages for breach of the terms of an insurance policy and breach of the implied covenant of good faith and fair dealing, the defendant appeals from an order of the Supreme Court, Kings County (Toussaint, J.), dated Febru-ary 11, 2015, which denied its motion pursuant to CPLR 3211 (a) (7) to dismiss the plaintiff's second and third causes of ac-tion.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was to dismiss the third cause of action, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

This case arises from a claim for supplementary uninsured/ underinsured motorist (hereinafter SUM) benefits relating to a motor vehicle accident. The complaint alleges that on February 21, 2010, the plaintiff was operating a vehicle that was insured by the defendant Government Employees Insurance Company (hereinafter GEICO), with the permission of the vehicle's owner. The vehicle collided with a vehicle insured by Allstate Insurance Company (hereinafter Allstate), allegedly causing the plaintiff serious injuries as defined in Insurance Law § 5102 (d), and property damage. The plaintiff alleged that he would incur future medical expenses "in any effort to be cured" and would be "unable to pursue [his] usual duties with the same degree of efficiency as prior to this accident."

Allstate tendered its policy limits of $50,000 in settlement of the plaintiff's claim, which the plaintiff contends was insuf-ficient to make him whole. Therefore, the plaintiff made a claim under the SUM endorsement to the GEICO policy. The plaintiff alleges that GEICO unreasonably refused to pay the claim.

In July 2014, the plaintiff commenced this action, asserting three causes of action. The first cause of action, sounding in breach of contract, demanded payment of the SUM benefits. The second cause of action sought damages in tort for GEICO's alleged breach of "its duty to act in good faith" by unreasonably withholding payment of SUM benefits. The third cause of action alleged that GEICO "breached its contract and/or policy, and absolute duties and obligations to the Plaintiff and its insureds."

GEICO moved pursuant to CPLR 3211 (a) (7) to dismiss the second and third causes of action in the complaint for failure to state a cause of action. It argued, inter alia, that if the second and third causes of action sounded in breach of the implied covenant of good faith and fair dealing, that covenant was implicit in every contract, and therefore those causes of action were duplicative of the cause of action sounding in breach of contract. In the order appealed from, the Supreme Court denied GEICO's motion on the ground, inter alia, that the second and third causes of action were not duplicative of the cause of action sounding in breach of contract.

On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the pleading is afforded a liberal construction, and the court must give the plaintiff the benefit of every possible favorable inference, accept the facts alleged in the complaint as true, and determine only whether the facts as alleged fit within any cognizable legal theory (see *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Caravello v One Mgt. Group, LLC*, 131 AD3d 1191 [2015]). The second cause of action alleges a failure to act in good faith. Implicit in every contract is an implied covenant of good faith and fair dealing (see *Elmhurst Dairy, Inc. v Bartlett Dairy, Inc.*, 97 AD3d 781, 784 [2012]). The implied covenant of good faith and fair dealing is a pledge that neither party to the contract shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruit of the contract, even if the terms of the contract do not explicitly prohibit such conduct (see *Moran v Erk*, 11 NY3d 452, 456 [2008]; *511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 153 [2002]; *Atlas El. Corp. v United El. Group, Inc.*, 77 AD3d 859, 860 [2010]). Such a cause of action is not necessarily duplicative of a cause of action alleging breach of contract (see *Elmhurst Dairy, Inc. v Bartlett Dairy, Inc.*, 97 AD3d at 784).

An insurance carrier has a duty to "investigate in good faith and pay covered claims" (*Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y.*, 10 NY3d 187, 195 [2008]). Damages for breach

of that duty include both the value of the claim, and consequential damages, which may exceed the limits of the policy, for failure to pay the claim within a reasonable time (*see Panasia Estates, Inc. v Hudson Ins. Co.*, 10 NY3d 200, 203 [2008]; *Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y.*, 10 NY3d at 195). Such a cause of action is not duplicative of a cause of action sounding in breach of contract to recover the amount of the claim (*see Michaan v Gazebo Hort., Inc.*, 117 AD3d 692 [2014]; *Genovese v State Farm Mut. Auto. Ins. Co.*, 106 AD3d 866, 868 [2013]). Such consequential damages may include loss of earnings not directly caused by the covered loss, but caused, instead, by the breach of the implied covenant of good faith and fair dealing (*see Mutual Assn. Adm'rs, Inc. v National Union Fire Ins. Co. of Pittsburgh, PA*, 118 AD3d 856 [2014]). The second cause of action states a claim for consequential damages for breach of the implied covenant of good faith and fair dealing. Therefore, that branch of GEICO's motion which was to dismiss that cause of action was properly denied.

However, as acknowledged by the plaintiff in his brief, the third cause of action sounds in breach of contract, and therefore, is duplicative of the first cause of action. Accordingly, that branch of GEICO's motion which was to dismiss the third cause of action should have been granted (*see Canzona v Atanasio*, 118 AD3d 841, 843 [2014]). Leventhal, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.