■ LEOPOLDA COLON, Individually and as Administrator of the Estate of ANNE MARIE CALDERON, Deceased, Appellant, v KENNETH BELL et al., Respondents, et al., Defendant. [26 NYS3d 879]—

In an action to recover damages for personal injuries and wrongful death, the plaintiff appeals from an order of the Supreme Court, Kings County (Ash, J.), dated December 17, 2013, which granted that branch of the motion of the defendants Kenneth Bell, City of New York, and City of New York Office of the Chief Medical Examiner which was for summary judgment dismissing the complaint insofar as asserted against them and denied her cross motion to preclude expert affidavits submitted by those defendants in support of that branch of their motion.

Ordered that the order is affirmed, with costs.

The plaintiff's decedent was killed when a vehicle in which she was a passenger collided at an intersection with a van that was owned by the City of New York Office of the Chief Medical Examiner (hereinafter the Medical Examiner) and operated by its employee, Kenneth Bell. The plaintiff commenced this action to recover damages for personal injuries and wrongful

death. Bell, the City of New York, and the Medical Examiner (hereinafter collectively the City defendants) moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, and the plaintiff cross-moved to preclude expert affidavits submitted by the City defendants in support of that branch of the motion. The Supreme Court granted that branch of the City defendants' motion and denied the plaintiff's cross motion. The plaintiff appeals, and we affirm.

The Supreme Court properly denied the plaintiff's cross motion to preclude expert affidavits submitted by the City defendants (see *Chudinova v Kleyner*, 130 AD3d 859, 860 [2015]; *Abreu v Metropolitan Transp. Auth.*, 117 AD3d 972, 974 [2014]). Contrary to the plaintiff's contention, there is no evidence that any delay in the City defendants' disclosure of their experts was intentional, willful, or prejudicial to the plaintiff.

Furthermore, the City defendants established their prima facie entitlement to judgment as a matter of law, and the plaintiff failed to raise a triable issue of fact in opposition (see *Vega v Mitja*, 137 AD3d 1113 [2016] [decided herewith]). Accordingly, the Supreme Court properly granted that branch of the City defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. Balkin, J.P., Sgroi, Cohen and Barros, JJ., concur.