■ 25 Bay Terrace Associates, L.P., Respondent, v Public Service Mutual Insurance Company, Appellant. [40 NYS3d 469]—

In an action, inter alia, to recover damages for breach of an insurance policy, the defendant appeals from an order of the Supreme Court, Richmond County (Minardo, J.), dated November 21, 2014, which denied its motion pursuant to CPLR 3211 (a) (7) to dismiss the second cause of action, which alleged, in effect, breach of the implied covenant of good faith and fair dealing, and so much of the complaint as sought punitive damages and attorney's fees.

Ordered that the order is affirmed, with costs.

On August 28, 2011, an apartment building located in Staten Island, which was owned by the plaintiff, allegedly sustained damage during Hurricane Irene, which caused water to seep into 28 of the apartment units in the building. At the time the alleged damage was sustained, the plaintiff had a commercial liability and property insurance policy issued by the defendant that covered the building. The plaintiff submitted a claim to the defendant for the damage sustained as a result of the hurricane, and the defendant offered the plaintiff $5,186.26 in satisfaction of the claim. The estimated loss sustained by the plaintiff was in excess of $500,000 in repairs and loss of rental income.

The plaintiff commenced this action to recover damages against the defendant for breach of the insurance policy (first cause of action) and, in effect, for breach of the implied covenant of good faith and fair dealing (second cause of action). With respect to the second cause of action, the plaintiff alleged that the defendant refused to provide coverage after initially verbally representing that the loss would be covered in full. The plaintiff further alleged that the defendant engaged the services of "unlicensed professionals" to adjust the claim and then refused to reconsider its disclaimer when presented with proof that the disclaimer was without merit. The plaintiff also sought to recover punitive damages and attorney's fees.

The defendant moved pursuant to CPLR 3211 (a) (7) to dismiss the second cause of action and so much of the complaint as sought punitive damages and attorney's fees. The Supreme Court denied the defendant's motion.

"On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the pleading is afforded a liberal construction, and the court must give the plaintiff the benefit of every possible favorable inference, accept the facts alleged in the complaint as true, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Gutierrez v Government Empls. Ins. Co.*, 136 AD3d 975, 976 [2016]; *see AG Capital Funding*

*Partners, L.P. v State St. Bank & Trust Co.*, 5 NY3d 582, 591 [2005]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). "[A]ny deficiencies in the complaint may be amplified by supplemental pleadings and other evidence" (*AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 5 NY3d at 591; *see Rovello v Orofino Realty Co.*, 40 NY2d 633, 635-636 [1976]). In opposing a motion to dismiss a complaint for failure to state a cause of action, "a plaintiff may submit affidavits to remedy defects in the complaint and preserve inartfully pleaded, but potentially meritorious claims" (*Cron v Hargro Fabrics*, 91 NY2d 362, 366 [1998] [internal quotation marks omitted]; *see Nilazra, Inc. v Karakus, Inc.*, 136 AD3d 994, 995 [2016]).

"Implicit in every contract is a covenant of good faith and fair dealing which encompasses any promise that a reasonable promisee would understand to be included" (*Elmhurst Dairy, Inc. v Bartlett Dairy, Inc.*, 97 AD3d 781, 784 [2012]; *see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 318 [1995]; *Doody v Liberty Mut. Group, Inc.*, 137 AD3d 959, 960 [2016]). "The implied covenant of good faith and fair dealing is a pledge that neither party to the contract shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruit of the contract, even if the terms of the contract do not explicitly prohibit such conduct" (*Gutierrez v Government Empls. Ins. Co.*, 136 AD3d at 976; *see Moran v Erk*, 11 NY3d 452, 456 [2008]; *511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 153 [2002]; *Atlas El. Corp. v United El. Group, Inc.*, 77 AD3d 859, 861 [2010]). "Such a cause of action is not necessarily duplicative of a cause of action alleging breach of contract" (*Gutierrez v Government Empls. Ins. Co.*, 136 AD3d at 976; *see Elmhurst Dairy, Inc. v Bartlett Dairy, Inc.*, 97 AD3d at 784). Here, the second cause of action alleged, in effect, a failure to act in good faith. In opposition to the motion, the plaintiff submitted affidavits from, among others, its property manager, one of its tenants, and its roofing contractor, all of whom stated that the defendant's adjustor who inspected the property on two occasions prior to the defendant's denial of the majority of the claim verbally assured them that water had infiltrated the building as a result of the hurricane and that the loss was completely covered under the policy. The affidavits submitted by the plaintiff also alleged that, subsequent to that representation, the defendant sent an engineer to inspect the building for the sole purpose of preparing a report, which was factually inaccurate, to support its denial of the entire claim. According the plaintiff the benefit of every favorable inference, the allegations of the complaint, the affidavits, and the evidence submitted by the plaintiff in opposition to the motion

demonstrate that the plaintiff adequately pleaded a cause of action alleging breach of the implied covenant of good faith and fair dealing (*see Gutierrez v Government Empls. Ins. Co.*, 136 AD3d at 977; *Snitovsky v Forest Hills Orthopedic Group, P.C.*, 44 AD3d 845, 846 [2007]; *Acquista v New York Life Ins. Co.*, 285 AD2d 73, 77-82 [2001]; *see also Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y.*, 10 NY3d 187, 195-196 [2008]).

The defendant's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the defendant's motion to dismiss the second cause of action and so much of the complaint as sought punitive damages and attorney's fees. Hall, J.P., Austin, Sgroi and Connolly, JJ., concur.