■ ELIZABETH MCBRIDE et al., Respondents, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Appellant, et al., Defendant. [58 NYS3d 140]—

In an action, inter alia, to recover damages for breach of a homeowners' insurance policy, the defendant New York Property Insurance Underwriting Association appeals from so much of an order of the Supreme Court, Suffolk County (Farneti, J.), dated December 3, 2015, as denied those branches of its motion which were pursuant to CPLR 3211 (a) (1) to dismiss the first cause of action and pursuant to CPLR 3211 (a) (7) to dismiss the sixth cause of action insofar as asserted against it and the seventh cause of action.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant New York Property Insurance Underwriting Association which was pursuant to CPLR 3211 (a) (7) to dismiss the sixth cause of action insofar as asserted against it, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The defendant New York Property Insurance Underwriting Association (hereinafter NYPIUA) issued a policy of insurance insuring the plaintiffs' home against certain named perils, including "Windstorm" and "Explosion." The policy provided that "Explosion" did not mean, among other things, "[b]reakage of water pipes."

According to the complaint, on February 23, 2013, a nor'easter known as Winter Storm Nemo struck the plaintiffs' home and caused a failure of the plaintiffs' electrical system. The failure of the electrical system allegedly caused water pipes in the home to burst, which caused water damage. After NYPIUA denied the plaintiffs' claim to recover on the policy, the plaintiffs commenced this action against NYPIUA, among others.

The Supreme Court properly denied that branch of NYPIUA's motion which was pursuant to CPLR 3211 (a) (1) to dismiss

the first cause of action, which alleged breach of contract against it. NYPIUA's documentary evidence failed to conclusively demonstrate as a matter of law that a windstorm was not a direct or proximate cause of the damage (*see Bird v St. Paul Fire & Mar. Ins. Co.*, 224 NY 47, 52-54 [1918]; *Mawardi v New York Prop. Ins. Underwriting Assn.*, 183 AD2d 756, 757-758 [1992]; *Granchelli v Travelers Ins. Co.*, 167 AD2d 839 [1990]). Further, the policy exclusion for the breakage of water pipes is only applicable to the named peril of "Explosion," and does not apply when a windstorm causes the subject damage (*see Granchelli v Travelers Ins. Co.*, 167 AD2d at 839).

The Supreme Court also properly denied that branch of NYPIUA's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the seventh cause of action, which alleged breach of the implied covenant of good faith and fair dealing against it. Contrary to NYPIUA's contention, that cause of action, which alleged that NYPIUA failed to properly inspect and appraise the damage, was not duplicative of the breach of contract cause of action (*see Gutierrez v Government Empls. Ins. Co.*, 136 AD3d 975, 976 [2016]; *see also Travelsavers Enters., Inc. v Analog Analytics, Inc.*, 149 AD3d 1003, 1006 [2017]; *Elmhurst Dairy, Inc. v Bartlett Dairy, Inc.*, 97 AD3d 781, 784 [2012]).

However, the Supreme Court should have granted that branch of NYPIUA's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the sixth cause of action, which alleged fraud, insofar as asserted against it. This cause of action, insofar as asserted against NYPIUA, was based on allegations that representatives of NYPIUA made misrepresentations to the plaintiffs regarding what would be covered by the policy. Since the plaintiffs are conclusively presumed to have read and assented to the policy's terms, they could not have justifiably relied on any such misrepresentations (*see Maple House, Inc. v Alfred F. Cypes & Co., Inc.*, 80 AD3d 672, 672-673 [2011]; *see also Motor Parkway Enters., Inc. v Loyd Keith Friedlander Partners, Ltd.*, 89 AD3d 1069, 1070 [2011]; *Spitz v Klein*, 33 AD3d 988, 989-990 [2006]). Mastro, J.P., Hall, Austin and Barros, JJ., concur.