East Ramapo Cent. Sch. Dist. v New York Schs. Ins. Reciprocal (2021 NY Slip Op 06341)





East Ramapo Cent. Sch. Dist. v New York Schs. Ins. Reciprocal


2021 NY Slip Op 06341


Decided on November 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
WILLIAM G. FORD, JJ.


2018-02590
 (Index No. 600963/13)

[*1]East Ramapo Central School District, appellant,
v
New York Schools Insurance Reciprocal, respondent.


Morgan, Lewis & Bockius LLP, New York, NY (David J. Butler, Randall M. Levine, and Stephanie Schuster of counsel), for appellant.
Miranda Sambursky Slone Sklarin Verveniotis LLP, Mineola, NY (Steven Verveniotis of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of an insurance policy and breach of the implied covenant of good faith and fair dealing, and for a judgment declaring, inter alia, that the defendant is obligated to defend and indemnify the plaintiff in an action entitled Montesa v Schwartz, commenced in the United States District Court for the Southern District of New York under Docket No. 12-cv-06057, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), dated February 12, 2018. The judgment, insofar as appealed from, upon an order of the same court dated August 3, 2017, granting the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the cause of action to recover damages for breach of the implied covenant of good faith and fair dealing, and an order of the same court dated December 12, 2017, granting the plaintiff's motion for summary judgment on the issue of damages on the cause of action to recover damages for breach of an insurance policy only to the extent of awarding the plaintiff $500,000 in attorneys' fees plus interest thereon from September 12, 2016, and disbursements of $83,194.61, and denying the plaintiff's separate motion to strike an expert affidavit and report, is in favor of the plaintiff and against the defendant on the cause of action to recover damages for breach of an insurance policy in the principal sum of only $647,057.62, and in favor of the defendant and against the plaintiff dismissing the cause of action to recover damages for breach of the implied covenant of good faith and fair dealing.
ORDERED that the judgment is reversed insofar as appealed from, on the law and the facts, with costs, the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the cause of action to recover damages for breach of the implied covenant of good faith and fair dealing is denied, that cause of action is reinstated, the determination awarding the plaintiff $500,000 in attorneys' fees plus interest thereon from September 12, 2016, and disbursements of $83,194.61 as damages with respect to the cause of action to recover damages for breach of an insurance policy is vacated, the orders dated August 3, 2017, and December 12, 2017, are modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.
This appeal arises out of an insurance coverage dispute between the plaintiff and its insurer, the defendant, in connection with a School Board Legal Liability Policy for the period of July 1, 2012, through July 1, 2013 (hereinafter the policy). While the policy was in effect, a putative class action entitled Montesa v Schwartz (hereinafter the underlying action) was commenced in 2012 [*2]in the United States District Court for the Southern District of New York against, among others, the plaintiff and its current and former school board members, alleging various constitutional violations, school segregation, breach of fiduciary duty, and fraud. In July 2012, the plaintiff timely submitted a notice of claim to the defendant regarding the underlying action and requested coverage under the policy, and the defendant denied coverage to the plaintiff and its board members.
The plaintiff commenced this action to recover damages for breach of the policy and breach of the implied covenant of good faith and fair dealing, and for a judgment declaring, inter alia, that, pursuant to the policy, the defendant was obligated to defend and indemnify it in the underlying action. In May 2017, in connection with prior motion practice and a previous appeal, this Court determined that the plaintiff was entitled to a declaration that the defendant was obligated to defend the plaintiff in the underlying action through September 30, 2013 (see East Ramapo Cent. Sch. Dist. v New York Schs. Ins. Reciprocal, 150 AD3d 683). In June 2017, the defendant moved pursuant to CPLR 3211(a)(7) to dismiss the cause of action to recover damages for breach of the implied covenant of good faith and fair dealing, and in an order dated August 3, 2017 (hereinafter the August 2017 Order), the Supreme Court granted that motion.
Thereafter, by notice of motion dated October 10, 2017, the plaintiff moved for summary judgment on the issue of damages on the cause of action to recover damages for breach of the policy, seeking $1,710,118.27 in damages arising from the defendant's refusal to provide insurance coverage and to defend the plaintiff in the underlying action. The defendant opposed the motion, and included with its opposition the affidavit of its expert, James G. Ryan (hereinafter the Ryan affidavit) and Ryan's related expert report (hereinafter the Ryan report), which together addressed and challenged the reasonableness of the attorneys' fees sought by the plaintiff as damages. The plaintiff then moved to strike the Ryan affidavit and the Ryan report. In order dated December 12, 2017 (hereinafter the December 2017 Order), the Supreme Court granted the plaintiff's motion for summary judgment but only to the extent of awarding the plaintiff $500,000 in attorneys' fees plus interest thereon from September 12, 2016, and disbursements of only $83,194.61. The court denied the plaintiff's motion to strike the Ryan affidavit and the Ryan report.
In a judgment dated February 12, 2018, the Supreme Court, inter alia, awarded the plaintiff the sum of $583,194.61, with interest from September 12, 2016, in the amount of $63,683.01, for a total award of $647,057.62 as damages with respect to the cause of action alleging breach of the policy. The court also dismissed the cause of action to recover damages for breach of the implied covenant of good faith and fair dealing. The plaintiff appeals.
"Implicit in every contract is an implied covenant of good faith and fair dealing" (25 Bay Terrace Assoc., L.P. v Public Serv. Mut. Ins. Co., 194 AD3d 668, 671-672 [internal quotation marks omitted]; see Celauro v 4C Foods Corp., 187 AD3d 836, 838). "'The implied covenant of good faith and fair dealing is a pledge that neither party to the contract shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruit of the contract, even if the terms of the contract do not explicitly prohibit such conduct'" (25 Bay Terrace Assoc., L.P. v Public Serv. Mut. Ins. Co., 194 AD3d at 672, quoting Gutierrez v Government Empls. Ins. Co., 136 AD3d 975, 976; see Moran v Erk, 11 NY3d 452, 456). "No obligation may be implied that would be inconsistent with other terms of the contractual relationship" (Celauro v 4C Foods Corp., 187 AD3d at 838; see 1357 Tarrytown Rd. Auto, LLC v Granite Props., LLC, 142 AD3d 976, 977). In the context of an insurance-related dispute, the implied covenant of good faith and fair dealing means that the insurer must investigate claims for coverage in good faith, must not manufacture factually incorrect reasons to deny insurance coverage, must not deviate from its own practices or from industry practices, and must not act with "'gross disregard' of the insured's interests" (Smith v General Accident Ins. Co., 91 NY2d 648, 653, quoting Pavia v State Farm Mut. Auto. Ins. Co., 82 NY2d 445, 453; see McBride v New York Prop. Ins. Underwriting Assn., 152 AD3d 505, 506; 25 Bay Terrace Assoc., L.P. v Public Serv. Mut. Ins. Co., 144 AD3d 665, 667). Because claims arising from an insurer's bad-faith denial of coverage are "generally proven by evidence largely circumstantial in nature" (Reifenstein v Allstate Ins. Co., 92 AD2d 715, 716 [internal quotation marks omitted]), courts are "reluctant to dismiss complaints alleging bad faith at the pretrial stage" (id. at 716; see Roldan v Allstate Ins. Co., 149 AD2d 20, 37-38).
"In considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (JDI Display Am., Inc. v Jaco Elecs., Inc., 188 AD3d 844, 845; see Leon v Martinez, 84 NY2d 83, 88; Palero Food Corp. v Zucker, 186 AD3d 493, 495).
Here, the Supreme Court, in the August 2017 order, erred in grating the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the cause of action to recover damages for breach of the implied covenant of good faith and fair dealing. The plain language of the complaint reflects the plaintiff's allegation that the defendant breached the implied covenant of good faith and fair dealing. The complaint alleged, inter alia, that the defendant failed to investigate in good faith the claims in the underlying action, denied coverage to the plaintiff based upon a manufactured and/or "nonexistent" assertion, deviated from industry practices by denying coverage to the plaintiff where "[n]o reasonable insurer would have denied [such] coverage," and "[disclaimed] coverage with gross disregard for the facts and applicable law" (see Smith v General Accident Ins. Co., 91 NY2d 654-655; Pavia v State Farm Mut. Auto. Ins. Co., 82 NY2d 453-454; McBride v New York Prop. Ins. Underwriting Assn., 152 AD3d at 506; 25 Bay Terrace Assoc., L.P. v Public Serv. Mut. Ins. Co., 144 AD3d at 667). In determining the defendant's motion to dismiss, the court was required to accept as true the facts alleged in the complaint, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged by the plaintiff fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d at 88; JDI Display Am., Inc. v Jaco Elecs., Inc., 188 AD3d at 845; Palero Food Corp. v Zucker, 186 AD3d at 495). Instead, the court improperly focused upon whether the plaintiff had "shown how sharing the disclaimer letter with the plaintiffs in the underlying action was collusion or bad faith," and thus erroneously determined that the plaintiff had failed to state a cause of action because the plaintiff did not make such a showing (emphasis added).
Moreover, where, as here, the cause of action to recover damages for breach of the policy and the cause of action to recover damages for breach of the implied covenant of good faith and fair dealing allege different conduct on the part of the defendant and seek different categories and/or types of damages, the cause of action seeking damages for breach of the implied covenant of good faith and fair dealing should not be dismissed as "duplicative" of the cause of action alleging breach of contract (25 Bay Terrace Assoc., L.P. v Public Serv. Mut. Ins. Co., 194 AD3d at 672; McBride v New York Prop. Ins. Underwriting Assn., 152 AD3d at 506; Gutierrez v Government Empls. Ins. Co., 136 AD3d at 976; Elmhurst Dairy, Inc. v Bartlett Dairy, Inc., 97 AD3d 781, 785). Accordingly, the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the cause of action to recover damages for breach of the implied covenant of good faith and fair dealing should have been denied (see Twinkle Play Corp. v Alimar Props., Ltd., 186 AD3d 1447, 1449; Tiffany Tower Condominium, LLC v Insurance Co. of the Greater N.Y., 164 AD3d 860, 861-862; 25 Bay Terrace Assoc., L.P. v Public Serv. Mut. Ins. Co., 144 AD3d at 667).
"The essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (WMC Realty Corp. v City of Yonkers, 193 AD3d 1018, 1021-1022; see Stewart v Berger, 192 AD3d 940, 941). "Damages awarded in a breach of contract action should place a plaintiff in the same position as it would have been if the agreement had not been violated" (Chen v Wen Fang Wang, 177 AD3d 694, 695 [internal quotation marks omitted]; see Brushton-Moira Cent. School Dist. v Thomas Assoc., 91 NY2d 256, 261; MBIA Ins. Corp. v Credit Suisse Sec. [USA] LLC, 165 AD3d 108, 114; Stokoe v E-Lionheart, LLC, 129 AD3d 703, 703). "In other words, so far as possible, the law attempts to secure to the injured party the benefit of his [or her] bargain" (Freund v Washington Sq. Press, 34 NY2d 379, 382; see Stokoe v E-Lionheart, LLC, 129 AD3d at 703; Heary Bros. Lightning Protection Co. v Intertek Testing Servs., N.A., Inc., 9 AD3d 870, 873). Specifically, in the context of insurance liability litigation, "the damages relating to a breach of the duty to defend [are] . . . the cost to the insured of defending itself" (Roldan v Allstate Ins. Co., 149 AD2d at 29 n 4; see United States Fid. & Guar. Co. v Copfer, 48 NY2d 871, 873; see also Gordon v Nationwide Mut. Ins. Co., 30 NY2d 427, 436).
An insured's application to recover, as damages for breach of contract, the out of [*3]pocket costs the insured incurred in paying its own attorney's fees as a result of the insurer's breach of its duty to defend should be treated differently from an application to have another party pay one's attorney's fees under a fee-shifting statute (see Medcom Holding Co. v Baxter Travenol Laboratories, Inc., 200 F3d 518, 520-521 [7th Cir] ). When determining breach of contract damages for breach of an insurer's duty to defend, the attorney's fees paid by the insured "are presumed to be reasonable and the burden shifts to the insurer to establish that the fees are unreasonable" (Columbus McKinnon Corp. v Travelers Indemnity Company, 367 FSupp3d 123, 155 [SD NY], quoting Olin Corp. v Ins. Co. of N. Am., 218 FSupp3d 212, 228 [SD NY] [applying New York law]). Here, the plaintiff submitted evidence that it spent $1,710,118.27 in attorneys' fees and costs in defending against the underlying action as a result of the defendant's breach of its duty to defend. However, in its December 2017 order, the court reduced by more than 65% the $1,710,118.27 in damages sought by the plaintiff and awarded the plaintiff the total sum of only $647,052.62. In so doing, the court erroneously treated the actual damages incurred by the plaintiff as if they were presented via an application for attorneys' fees, when it should have instead treated the fees as presumptively reasonable.
Although the Supreme Court properly denied the plaintiff's motion to strike the Ryan affidavit and the Ryan report, as there is no evidence that any delay in the defendant's expert disclosure was "intentional, willful, or prejudicial to the plaintiff" (Colon v Bell, 137 AD3d 1067, 1068; see Browne v Smith, 65 AD3d 996, 997; Simpson v Tenore & Guglielmo, 287 AD2d 613, 613), it was erroneous for the court to rely upon these expert submissions to deem the plaintiff's attorneys' fees "excessive" without explaining the basis for its "drastic reduction" of the attorneys' fees award by nearly two-thirds (Holskin v 22 Prince St. Assoc., 178 AD2d 347, 348-349; see Gutierrez v Direct Mktg. Credit Servs., 267 AD2d 427, 427, citing Matter of Rahmey v Blum, 95 AD2d 294, 305). Although the court recited a list of four factors that are generally relevant to a determination of the reasonableness of attorneys' fees, namely, "the novelty and difficulty of the questions involved, the skill required to perform the services properly, the amount involved, and the results obtained," it failed to explain which of those factors it evaluated, and the weight, if any, that it accorded to each factor (see Holskin v 22 Prince St. Assoc., 178 AD2d at 348-349; see also Gutierrez v Direct Mktg. Credit Servs., 267 AD2d at 427; Matter of Rahmey v Blum, 95 AD2d at 305).
The Supreme Court also erred in disallowing 100% of the attorney hours worked by Proskauer Rose, LLP (hereinafter Proskauer), in the underlying action on the ground that the plaintiff waived its claim to separate attorneys' fees for its former board member Nathan Rothschild by failing to seek a judgment declaring that Rothschild was entitled to a defense in the underlying action. Contrary to the court's finding, the complaint sought, inter alia, a declaration that all of the defendants in the underlying action, including Rothschild as a former board member of the plaintiff, were entitled to a defense under the policy. In October 2013, the court resolved that issue in the plaintiff's favor by granting its motion for summary judgment "to the extent of declaring that [the defendant] is obligated to defend the [plaintiff] and its board members in [the underlying action]." Accordingly, the court erred in denying that portion of the damages sought by the plaintiff.
The Supreme Court also erred in disallowing as "excessive" almost half of the attorney hours worked by Bingham McCutchen, LLP (hereinafter Bingham), in the underlying action on the basis that there was a "large disparity in hours" between those billed by Bingham and by Proskauer, respectively. Since Bingham served as lead counsel in the underlying action and represented 11 defendants versus only 1 defendant represented by Proskauer, it is unsurprising that Bingham billed substantially more hours than Proskauer. Moreover, the court did not specifically identify any particular hour or hours of work performed by Bingham which should be excluded from the plaintiff's damages award (see e.g. Matter of Rahmey v Blum, 95 AD2d at 301; see also Holskin v 22 Prince St. Assoc., 178 AD2d at 348-349; Kumble v Windsor Plaza Co., 161 AD2d 259, 260).
The Supreme Court likewise erred in reducing, without adequate explanation, the hourly rates charged by the plaintiff's attorneys in the underlying action and in deeming a rate of $400 per hour to be "reasonable" for all billed attorney time. An attorney's "'reasonable hourly rate should be based on the customary fee charged for similar services by lawyers in the community with like experience and of comparable reputation to those by whom the prevailing party was represented'" (Getty Petroleum Corp. v G.M. Triple S. Corp., 187 AD2d 483, 483-484, quoting [*4]Matter of Rahmey v Blum, 95 AD2d at 302). "[I]n most communities, the marketplace has set a value for the services of attorneys, and the hourly rate charged by an attorney for his or her services will normally reflect the training, background, experience and skill of the individual attorney" (Getty Petroleum Corp. v G.M. Triple S. Corp., 187 AD2d at 484 [internal quotation marks omitted]). In general, "evidence that counsel customarily charged that rate in other cases will tend to establish its reasonableness" (Matter of Quill v Cathedral Corp., 241 AD2d 593, 594).
Here, the plaintiff established that both Proskauer and Bingham, which are multinational law firms that generally command very high billable rates, had substantially discounted their ordinary billable rates for their representation in the underlying action. Furthermore, in two prior actions that do not appear to be more complex than the underlying action, a federal court determined that an hourly rate of $735 was "reasonable" for Bingham's lead counsel in those actions (Union of Orthodox Jewish Congregations of Am. v American Food & Beverage Inc., 704 F Supp 2d 288, 293 [SD NY]; Union of Orthodox Jewish Congregations of Am. v Royal Food Distribs. LLC, 665 F Supp 2d 434, 437 [SD NY]). Similarly, the Supreme Court erred in failing to explain its determination to award the plaintiff only $83,194.61 in litigation-related expenses.
For the foregoing reasons, we vacate the determination awarding the plaintiff only $647,052.62 in damages for breach of the policy and remit the matter to the Supreme Court, Nassau County, for a hearing and a new determination thereafter of the amount of damages to which the plaintiff is entitled on the cause of action to recover damages for breach of the policy, with the plaintiff being afforded the opportunity to cross-examine Ryan and otherwise respond to the expert submissions in the Ryan affidavit and the Ryan report, and for further proceedings consistent herewith with respect to the reinstated cause of action to recover damages for breach of the implied covenant of good faith and fair dealing.
The plaintiff's contention concerning recusal is improperly raised for the first time on appeal (see Hepworth v Hepworth, 178 AD3d 416, 416; Wheeler v Wheeler, 83 AD3d 502, 502). The parties' remaining contentions are without merit.
RIVERA, J.P., AUSTIN, CONNOLLY and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court