Burns v Palmatier (2023 NY Slip Op 50899(U))

[*1]

Burns v Palmatier

2023 NY Slip Op 50899(U) [80 Misc 3d 128(A)]

Decided on August 24, 2023

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 24, 2023
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, GRETCHEN
WALSH, JJ

2021-401 D C

Todd Burns, Appellant,
against
Matthew Palmatier and Judy Palmatier, Respondents.

Anthony G. Austria, Jr., for appellant.
Matthew Palmatier and Judy Palmatier, respondents pro se (no brief filed).

Appeal from a judgment of the City Court of Poughkeepsie, Dutchess County (Scott
L. Volkman, J.), entered June 11, 2021. The judgment, after a nonjury trial, dismissed
plaintiff's action and awarded defendants the principal sum of $1,841.63 on their
counterclaim.

ORDERED that the judgment is modified by reducing the amount of the award in
favor of defendants on their counterclaim to the principal sum of $970.25; as so
modified, the judgment is affirmed, without costs. 
Plaintiff commenced this small claims action against his former landlords seeking
$3,400 for the return of his security deposit and to compensate him for improvements
made to the apartment. Defendants interposed a counterclaim seeking $3,434.50 for rent
arrears, a late fee, a cleaning fee, and the cost to replace carpeting. 
At a nonjury trial, plaintiff admitted that he did not have written permission for the
improvements made as was required by the lease. While he claims to have provided
plumbing work, he did not testify about any discussions with landlords regarding
compensation for the work. Plaintiff admitted to removing the old carpet throughout the
apartment, and that he did not pay the rent sought by landlord for the last week of his
occupancy in the apartment, which rent was due on August 1, 2020. Defendants
introduced photographs showing the condition of the apartment upon plaintiff's
departure, including marks on the walls, small holes from wall hangings, scratches on a
door, and crumbs left in the refrigerator and oven. Defendants also [*2]introduced two estimates for the replacement of the carpet
plaintiff removed, an email from the building's management company requiring carpeting
in order for the apartment to be listed for sale, and a copy of the bylaws requiring
carpeting. Mr. Palmatier testified that he hired the carpet vendor with the lower estimate,
and stated that the charge of $1,978 on that invoice was attributable to plaintiff's removal
of the carpet. In a decision dated June 11, 2021, the City Court dismissed plaintiff's
action and awarded defendants the principal sum of $1,841.63 on their counterclaim. As
is relevant to this appeal by plaintiff, the award in favor of defendants included
$2,284.38, as the average of the two carpet estimates, a $65 late fee, and $500 for repairs,
less plaintiff's security deposit of $1,468.23, including interest. 
In a small claims action, our review is limited to a determination of whether
"substantial justice has . . . been done between the parties according to the rules and
principles of substantive law" (UCCA 1807; see UCCA 1804; Ross v
Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125
[2000]).
Since the bylaws required carpeting and defendants could not obtain permission to
list the apartment for sale without it, defendants were entitled, under the particular
circumstances herein, to the reasonable cost of replacing the carpeting required by the
bylaws in order to put defendants in the same position as they would have been had
plaintiff not removed the required carpeting (see Brushton—Moira Cent.
School Dist. v Thomas Assoc., 91 NY2d 256, 261 [1998]; Stokoe v E-Lionheart, LLC,
129 AD3d 703 [2015]). The City Court, however, should not have awarded
defendants more than $1,978, the amount charged for the lower-priced carpet by the
vendor defendants admitted hiring. Thus, the award for the carpet should be reduced by
$306.38, the difference between the $2,284.38 awarded and the actual cost of $1,978.
We note that, while plaintiff argues that a different measure of damages should be
applied here, he failed to demonstrate that the cost paid by defendants in replacing the
carpet was otherwise unreasonable. 
Further, the invoices and receipts provided by defendants did not demonstrate repairs
for damage beyond what is attributable to ordinary wear and tear (see Wicklund v
Mukhtyar, 55 Misc 3d 152[A], 2017 NY Slip Op 50789[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2017]), and therefore defendants should not have been awarded
$500 for these costs. 
In addition, the City Court also improperly awarded defendants $65 for a late fee for
rent due on August 1, 2020 (see Executive Order [A. Cuomo] No. 202.28 [9
NYCRR 8.202.28]).
Based on the foregoing, we find that defendants' award of the principal sum of
$1,841.63 should be reduced by $871.38 ($306.38 + $500 + $65) to the total principal
sum of $970.25.
We note that, contrary to plaintiff's arguments, plaintiff did not demonstrate that
defendants were unjustly enriched (see GFRE, Inc. v U.S. Bank, N.A., 130 AD3d 569 [2015];
Mobarak v Mowad, 117
AD3d 998, 1001 [2014]), as plaintiff did not testify regarding the circumstances
under which he conducted the plumbing work or otherwise demonstrate that it would be
against equity or good conscience to permit defendants to benefit from plaintiff's
plumbing work. Moreover, with respect to plaintiff's argument on appeal that the City
Court failed to make specific findings on credibility, plaintiff fails to assert any instances
in which plaintiff's credibility was at issue.
Accordingly, the judgment is modified by reducing the amount of the award in favor
of defendants on their counterclaim to the principal sum of $970.25. 
GARGUILO, P.J., DRISCOLL and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 24, 2023