(October 26, 2010)

■ ATLAS ELEVATOR CORP., Respondent, v UNITED ELEVATOR GROUP, INC., et al., Appellants. [910 NYS2d 476]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Queens County (Kitzes, J.), entered November 29, 2007, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff and United Elevator Group Company, Inc., sued herein as United Elevator Group, Inc. (hereinafter United Elevator), were both in the business of servicing and maintaining elevators. The defendant Ron Liska was the president of United Elevator. In or about March 2006, the plaintiff and United Elevator entered into negotiations concerning the prospective purchase, by United Elevator, of the plaintiff's assets, goodwill, and customer list and, among other things, the prospective assumption of all elevator service and maintenance contracts and accounts the plaintiff had with its customers. During the course of negotiations, and while the defendants were performing a due diligence review of the plaintiff corporation, the parties entered into a one-sentence confidentiality letter agreement (hereinafter the confidentiality agreement). The confidentiality agreement recited that it "constitutes confidentiality," and provided that "any information pertaining to the sale of maintenance accounts . . . will not be disclosed." The confidentiality agreement was printed on United Elevator's stationery and was signed by both Liska and John Blunnie, the president of the plaintiff. Neither Liska nor Blunnie signed as an officer of his respective corporation. Ultimately, the underlying purchase transaction was never consummated. It is undisputed that United Elevator nonetheless entered into service agreements with one or more of the plaintiff's former customers.

The plaintiff commenced this action, alleging, among other things, that in connection with the unconsummated purchase transaction, the defendants acquired its confidential customer list, and wrongfully used that list to their advantage and to its detriment, in violation of the confidentiality agreement. The plaintiff alleged that the customer list amounted to confidential information not otherwise available to the defendants. The defendants moved for summary judgment dismissing the complaint, asserting, among other things, that the confidentiality agreement was not a noncompetition agreement, and that the plaintiff's customers were readily ascertainable from

nonconfidential sources. The defendants also argued that Liska was not a proper defendant, as he was acting in his corporate capacity at all relevant times. The Supreme Court denied the defendants' motion, and we affirm.

" 'Implicit in all contracts is a covenant of good faith and fair dealing in the course of contract performance . . . This embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract . . . Where the contract contemplates the exercise of discretion, this pledge includes a promise not to act arbitrarily or irrationally in exercising that discretion' " (*Lonner v Simon Prop. Group, Inc.*, 57 AD3d 100, 108 [2008], quoting *Dalton v Educational Testing Serv.*, 87 NY2d 384, 389 [1995]). The implied covenant of good faith and fair dealing " 'is breached when a party to a contract acts in a manner that, although not expressly forbidden by any contractual provision, would deprive the other party of the right to receive the benefits under their agreement' " (*P.T.& L. Contr. Corp. v Trataros Constr., Inc.*, 29 AD3d 763, 764 [2006], quoting *Aventine Inv. Mgt. v Canadian Imperial Bank of Commerce*, 265 AD2d 513, 514 [1999]). "The implied covenant of good faith encompasses 'any promises which a reasonable person in the position of the promisee would be justified in understanding were included' in the agreement, and prohibits either party from doing 'anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract' " (*1-10 Indus. Assoc. v Trim Corp. of Am.*, 297 AD2d 630, 631 [2002], quoting *Dalton v Educational Testing Serv.*, 87 NY2d at 389).

Here, viewing the evidence submitted by the defendants in the light most favorable to the plaintiff (*see Pearson v Dix McBride, LLC*, 63 AD3d 895 [2009]), which opposed the motion, the defendants failed to establish their entitlement to judgment as a matter of law. While the defendants may not have violated the express terms of the one-sentence confidentiality agreement by disclosing information to third parties, they failed to eliminate all issues of fact as to whether they violated the covenant of good faith and fair dealing implied into the confidentiality agreement by developing maintenance and service contracts with the plaintiff's customers by use of the plaintiff's customer list. Contrary to the defendants' contention, they failed to eliminate all issues of fact as to whether the plaintiff's customer list was indeed a trade secret (*see generally Ashland Mgt. v Janien*, 82 NY2d 395 [1993]), or whether it was "readily ascertainable" (*Suburban Graphics Supply Corp. v Nagle*, 5 AD3d 663, 666

[2004]; *see Atmospherics, Ltd. v Hansen*, 269 AD2d 343, 343 [2000]).

The defendants also failed to establish their entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against Liska on the ground that he was acting only in his capacity as a corporate agent, and not in his individual capacity. Liska, in his affidavit, failed to allege that he acted solely in his corporate capacity in his dealings with the plaintiff, and the defendants failed to explain, inter alia, Liska's execution of the confidentiality agreement without adding any title to his name or explicitly stating that he was acting in his capacity as an officer or president of United Elevator (*cf. Lawlor v Hoffman*, 59 AD3d 499, 500 [2009]; *Maggio v Becca Constr. Co.*, 229 AD2d 426 [1996]) or, if so, whether he acted in good faith (*see Murtha v Yonkers Child Care Assn.*, 45 NY2d 913, 915 [1978]).

Since the defendants failed to satisfy their initial burden on their motion for summary judgment, it is not necessary to consider whether the plaintiff's papers in opposition were sufficient to raise a triable issue of fact (*see Levin v Khan*, 73 AD3d 991, 992 [2010]).

The defendants' remaining contention is without merit. Dillon, J.P., Florio, Leventhal and Chambers, JJ., concur.