In an action, inter alia, to recover damages for defamation, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Jones, Jr., J), dated July 3, 2012, as granted that branch of the defendants’ motion which was for summary judgment dismissing the complaint pursuant to Civil Rights Law §§ 70-a and 76-a and for summary judgment on so much of the counterclaim as sought an award of an attorney’s fee, and the defendants cross-appeal from so much of the same order as denied that branch of their motion which was for summary judgment on so much of their counterclaim as sought an award of punitive damages.
Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
*977 In 2010, the plaintiffs purchased a parcel of real property, previously used as a tennis and racquet club, which was a nonconforming use under applicable zoning regulations. They planned to convert the property into a children’s day camp and sought the concurrence of the Chief Building Inspector of the Town of Southampton (hereinafter the Building Inspector) to their assumption that development of the property into a children’s day camp would be an interchangeable nonconforming use of the property, such that they would not be required to obtain a variance. The Building Inspector sent a letter to counsel for the plaintiffs, stating that he concurred with the plaintiffs’ assumption that the proposed plan did not constitute a change or expansion of the preexisting nonconforming use of the subject property. Local residents and civic organizations then filed with the Zoning Board of Appeals of the Town of Southampton an “application for review” of the Building Inspector’s concurrence with the plaintiffs assumptions. A flyer was distributed, which contained the names and contact information of the defendants, who were the president and vice president of one of the civic organizations, urging residents to attend a public hearing on October 20, 2011. The flyer suggested that the plaintiffs did not care about and had lied about the environmental impact of the proposed development of the subject property.
The plaintiffs commenced this action alleging, inter alia, that the statements in the flyer constituted defamation. The defendants counterclaimed that this action was a strategic lawsuit against public participation (hereinafter a SLAPP suit), as defined in Civil Rights Law §§ 70-a and 76-a, and sought an award of, inter alia, an attorney’s fee and punitive damages. Prior to the commencement of discovery, the defendants moved for summary judgment dismissing the complaint and on their counterclaim. The Supreme Court granted those branches of the defendants’ motion which were for summary judgment dismissing the complaint and on the portion of the counterclaim which sought an award of an attorney’s fee, concluding that this was a SLAPP suit. The court denied that branch of the defendants’ motion which was for summary judgment on the portion of the counterclaim which sought punitive damages. Both parties appeal.
Civil Rights Law § 76-a was passed to protect citizens facing litigation arising from their public petitioning and participation (see Singh v Sukhram, 56 AD3d 187, 194 [2008]; 600 W. 115th St. Corp. v Von Gutfeld, 80 NY2d 130, 137 n 1 [1992]) by deterring strategic lawsuits against public participation, termed SLAPP suits. Related provisions passed in the same bill include *978 Civil Rights Law § 70-a, which permits a defendant in such actions to recover costs and an attorney’s fee, and CPLR 3211 (g) and CPLR 3212 (h), which require the plaintiff, on a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action or for summary judgment pursuant to CPLR 3212, to demonstrate that the action “has a substantial basis in fact and law or is supported by a substantial argument for an extension, modification or reversal of existing law” (see Singh v Sukhram, 56 AD3d at 194 [internal quotation marks omitted]; Hariri v Amper, 51 AD3d 146, 150-151 [2008]).
Here, the defendants established, prima facie, that the plaintiffs were public applicants and that the suit concerned a communication that was “materially related” to the defendants’ efforts to report on, comment on, or oppose the plaintiffs’ application (see Civil Rights Law § 76-a [1] [a]). Contrary to the plaintiffs’ assertions, the statements at issue were made in an effort to garner support for the defendants’ opposition to the plaintiffs’ proposed plan to develop the property into a children’s day camp (cf. Guerrero v Carva, 10 AD3d 105, 117 [2004]).
In opposition, the plaintiffs failed to demonstrate a substantial basis in fact and law (see CPLR 3212 [h]) in support of their allegations that the challenged statements amounted to defamation per se (see Matter of Konig v CSC Holdings, LLC, 112 AD3d 934, 935 [2013]), that the statements were known to be false by the defendants, or that they were made with reckless disregard for the truth (see T.S. Haulers v Kaplan, 295 AD2d 595, 598 [2002]). Accordingly, the Supreme Court properly granted that branch of the defendants’ motion which was for summary judgment dismissing the complaint.
The Supreme Court also properly granted that branch of the defendants’ motion which was for summary judgment on so much of their counterclaim as sought an award of an attorney’s fee. The defendants established, prima facie, their entitlement to an attorney’s fee under the Civil Rights Law, and in opposition, the plaintiffs failed to show that their claims had a substantial basis in fact and law (see Civil Rights Law § 70-a [1] [a]). Additionally, the court properly denied that branch of the motion which was for summary judgment on so much of the counterclaim as sought an award of punitive damages, as the defendants failed to demonstrate that this lawsuit was commenced solely to harass, intimidate, punish, or otherwise maliciously inhibit their rights to free speech, petition, or association (see Civil Rights Law § 70-a [1] [c]; Matter of West Branch Conservation Assn. v Planning Bd. of Town of Clarkstown, 222 AD2d 513, 514 [1995]).
Skelos, J.E, Dillon, Roman *979 and Maltese, JJ., concur.