■ WATERWAYS AT BAY POINTE HOMEOWNERS ASSOCIATION, INC., Appellant, v WATERWAYS DEVELOPMENT CORP. et al., Respondents. [19 NYS3d 536]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated February 25, 2013, as denied those branches of its motion which were for summary judgment on the third, sixth, and eighth causes of action, denied those branches of its motion which were for summary judgment on so much of its first and fourth causes of action as related to its budget years 2000, 2001, and 2004, and denied that branch of its motion which was for summary judgment dismissing the defendants' first counterclaim, granted those branches of the defendants' cross motion which were for summary judgment dismissing the first and fifth causes of action insofar as asserted against the defendants The Klar Organization and Steven A. Klar, individually, and dismissing the seventh cause of action, and searched the record and dismissed the eighth cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

In the 1980s, developer Bregman Development Corp. and sponsor Bay Pointe Associates (hereinafter together the original sponsor) acquired land in the Town of Brookhaven for the purpose of constructing an age-restricted condominium community. The original sponsor built the first four phases of the community (hereinafter the Bregman units) and formed a homeowners' association, the plaintiff, Waterways at Bay Pointe Homeowners Association, Inc. In 1997, the defendant Waterways Development Corp. (hereinafter the sponsor), of which the defendant Steven A. Klar (hereinafter Klar) is president, acquired the right to build additional units in the community pursuant to a site plan which had been approved by the Town and its Board of Zoning Appeals (hereinafter the ZBA) in 1987 (hereinafter the 1987 site plan). The sponsor

subsequently built Condominiums I and II pursuant to the 1987 site plan, but three mid-rise units included in the site plan remained unbuilt.

In conjunction with its acquisition of the right to further development, on December 30, 1997, the sponsor entered into an agreement with the plaintiff (hereinafter the 1997 agreement). The 1997 agreement specified, inter alia, the manner in which the sponsor's liability for maintenance fee assessments would be calculated, namely that the sponsor would pay a "deficiency contribution" equal to the lesser of the plaintiff's actual budget deficiency or the assessments on the units to which the sponsor held title. In budget years 2000, 2001, 2004, 2005, 2007, 2009, and 2010, the plaintiff had deficits. However, it is undisputed that the sponsor did not pay its deficiency contribution, claiming that the plaintiff had budgeted improperly and in a manner calculated to maximize the sponsor's liability. The 1997 agreement also provided that, once the sponsor had transferred title to its 60th unit, it would construct two tennis courts in the community. In addition, the 1997 agreement provided that the plaintiff would not interfere with the sponsor's ability to develop the remainder of the community according to the 1987 site plan.

In 2001, the sponsor applied for a building permit from the ZBA which would permit it to begin construction on the mid-rise units, but this application was denied. The sponsor thereafter continued its efforts to obtain a permit, seeking, among other things, either to establish that a height variance granted by the ZBA to the original sponsor in 1986 "for [the] life of [the] job" remained valid or, alternatively, to obtain a new variance. The sponsor's efforts to obtain this relief were vehemently opposed by members of the plaintiff and local civic groups. The ZBA ultimately denied the sponsor's application, finding, inter alia, that, despite the statement in the height variance that it was valid "for [the] life of [the] job," the variance had expired and/or been invalidated by subsequent amendments to the Town Code. The sponsor challenged the ZBA's determination before the Supreme Court, Suffolk County, in a CPLR article 78 proceeding. The Supreme Court found in the sponsor's favor, and the Town and the ZBA appealed to this Court. While the present appeal was pending, we affirmed the Supreme Court's judgment annulling the ZBA's determination (see *Matter of Waterways Dev. Corp. v Town of Brookhaven Zoning Bd. of Appeals*, 126 AD3d 708 [2015]).

Before the ZBA issued its determination, the plaintiff commenced this action against the sponsor, Klar, and The Klar Or-

ganization (hereinafter TKO) (hereinafter collectively the defendants) alleging, inter alia, that the sponsor had breached the terms of the 1997 agreement by failing to pay its deficiency contribution (hereinafter the deficiency claim) and failing to build the tennis courts as agreed (hereinafter the tennis court claim). While the sponsor's challenge to the ZBA's determination was pending before the Supreme Court, the plaintiff, in this separate action, moved for summary judgment on its causes of action relating to the deficiency and tennis court claims and dismissing the defendants' counterclaims. In support of its motion, the plaintiff contended that the defendants' counterclaim alleging breach of the noninterference clause of the 1997 agreement was a strategic lawsuit against public participation (hereinafter SLAPP action) (*see* Civil Rights Law § 70-a). The defendants cross-moved for summary judgment dismissing the complaint insofar as asserted against TKO and Klar individually, dismissing certain of the plaintiff's causes of action against the sponsor, and on their counterclaims. Insofar as is relevant to this appeal, the court granted the plaintiff's motion in part, but found questions of fact regarding the deficiency claims relating to budget years 2000, 2001, and 2004 (portions of the first and fourth causes of action), the tennis court claim (the third cause of action), denied summary judgment regarding contractual attorneys' fees and the declaratory judgment cause of action (sixth and eighth causes of action, respectively), and denied summary judgment dismissing the defendants' noninterference claim (first counterclaim). In addition, the court granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against TKO and Klar individually and dismissed the plaintiff's declaratory judgment cause of action as duplicative of its contract causes of action. The plaintiff appeals from these portions of the court's order.

"Implicit in every contract is a covenant of good faith and fair dealing, which encompasses any promise that a reasonable promisee would understand to be included" (*Michaan v Gazebo Hort., Inc.*, 117 AD3d 692, 693 [2014]; *see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 153 [2002]; *Rowe v Great Atl. & Pac. Tea Co.*, 46 NY2d 62, 68-69 [1978]; *Atlas El. Corp. v United El. Group, Inc.*, 77 AD3d 859, 861 [2010]). "The implied covenant of good faith and fair dealing is breached when a party to a contract acts in a manner that, although not expressly forbidden by any contractual provision, would deprive the other party of the right to receive the benefits under their agreement" (*Atlas El. Corp. v United El. Group, Inc.*, 77 AD3d at 861 [internal quotation marks omitted]; *see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d at 153-154).

Here, the defendants concede that the plaintiff made a prima facie showing that the sponsor violated the 1997 agreement by failing to pay its 2000, 2001, and 2004 deficiency contributions. However, in opposition, the defendants proffered evidence demonstrating that major repairs and renovations to units built by the original sponsor were undertaken in those years, that the cost of those improvements was included in the plaintiff's general budget, and that there was not an associated increase in the per-unit assessment to compensate for those expenses. The defendants contend that, in undertaking these expenses without raising assessments, the plaintiff violated the covenant of good faith and fair dealing by preparing a budget which would ensure a substantial deficit payable by the sponsor. The defendants argue that a reasonable sponsor would have understood the 1997 agreement to include a promise that the plaintiff would not attempt to disproportionately shift expenses to the sponsor but would instead treat the sponsor fairly. The defendants point to budget surpluses in prior years, the size of the deficit in the disputed years, the nature of the expenses, and the parity between the deficit and the sponsor's maximum contribution as evidence that the plaintiff intentionally prepared a budget which obtained the maximum contribution from the sponsor.

Contrary to the plaintiff's contention, the business judgment rule does not protect it from attack upon its budget decisions. Pursuant to the business judgment rule, "courts exercise restraint and defer to *good faith* decisions made by boards of directors in business settings" (*40 W. 67th St. v Pullman*, 100 NY2d 147, 153 [2003] [emphasis added]; *see Cohen v Kings Point Tenant Corp.*, 126 AD3d 843, 844-845 [2015]; *Matter of Cohan v Board of Directors of 700 Shore Rd. Waters Edge, Inc.*, 108 AD3d 697, 699 [2013]; *Cave v Riverbend Homeowners Assn., Inc.*, 99 AD3d 748 [2012]). Here, the defendants' defense is precisely that the plaintiff's budget was not prepared in good faith and that its " 'decision making [was] tainted by discriminatory considerations' " (*Cohen v Kings Point Tenant Corp.*, 126 AD3d at 845, quoting *Fletcher v Dakota, Inc.*, 99 AD3d 43, 48 [2012]). The plaintiff's reliance on the business judgment rule does not, therefore, change the fact that the defendants have successfully raised a triable issue of fact regarding whether the sponsor in fact breached the contract by failing to pay its deficiency contribution for 2000, 2001, and 2004 deficiency claims (i.e., portions of its first and fourth causes of action). Accordingly, the Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on those causes of action to the extent that they related to budget years 2000, 2001, and 2004.

The defendants likewise concede that the plaintiff has satisfied its prima facie burden as to the tennis court claim. However, the defendants proffered evidence that the parties engaged in negotiations about the design and placement of the courts. More importantly, the defendants demonstrated that the sponsor attempted unsuccessfully to obtain building permits for the tennis courts and that this process was, in part, thwarted by the opposition to development raised by the plaintiff and individual members of the plaintiff. As the Supreme Court correctly concluded, this was sufficient to raise a triable issue of fact regarding whether the sponsor breached its duty to build the tennis courts.

Civil Rights Law § 76-a was passed to protect citizens facing litigation arising from their public petitioning and participation by deterring strategic lawsuits against public participation, termed SLAPP suits (*see Southampton Day Camp Realty, LLC v Gormon*, 118 AD3d 976, 977 [2014]). Civil Rights Law § 76-a defines "[a]n 'action involving public petition and participation' " as "an action, claim, cross claim or counterclaim for damages that is brought by a public applicant or permittee, and is materially related to any efforts of the defendant to report on, comment on, rule on, challenge or oppose such application or permission" (Civil Rights Law § 76-a [1] [a]). A party's right to assert that an action, claim, or counterclaim against it is a SLAPP suit "can be waived only if it is waived specifically" (Civil Rights Law § 70-a [2]; *see Southampton Day Camp Realty, LLC v Gormon*, 118 AD3d at 978; *Matter of Related Props., Inc. v Town Bd. of Town / Vil. of Harrison*, 22 AD3d 587, 591 [2005]). Where a party has established that the action, claim, or counterclaim against it is a SLAPP suit, that party is entitled to summary judgment unless the party asserting the action, claim, or counterclaim can demonstrate that it has "a substantial basis in fact and law" (CPLR 3212 [h]; *see* Civil Rights Law § 70-a [1] [a]; *Southampton Day Camp Realty, LLC v Gormon*, 118 AD3d at 978; *Giorgio v Pilla*, 100 AD3d 826, 828 [2012]; *Matter of Related Props., Inc. v Town Bd. of Town / Vil. of Harrison*, 22 AD3d at 591).

Here, the Supreme Court properly determined that the plaintiff established, prima facie, that the defendants' first counterclaim is a SLAPP suit, as the defendants' first counterclaim is plainly "materially related to [the plaintiff's] efforts . . . to . . . comment on, . . . . challenge or oppose [the defendants'] application" for a building permit (Civil Rights Law § 76-a [1] [a]). However, in opposition, the defendants raised a triable issue of fact by relying on the clause of the 1997 agree-

ment stating that "The [plaintiff] recognizes that the SPONSOR has the right to complete construction of the PROJECT in accordance with the approved site plan on file with the Town of Brookhaven and shall subject to the conditions herein described not interfere or otherwise impede and/or disrupt the SPONSOR'S activities with respect to the same."

Contrary to the plaintiff's contention, this clause of the agreement constitutes a specific waiver of the plaintiff's right to oppose the sponsor's application for a building permit, notwithstanding the fact that it does not specifically mention Civil Rights Law § 76-a (*see generally Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]). Furthermore, this Court has since determined that the sponsor has the right to a building permit pursuant to the 1986 variance (*see Matter of Waterways Dev. Corp. v Town of Brookhaven Zoning Bd. of Appeals*, 126 AD3d 708 [2015]). In any event, the promise in the 1997 agreement not to oppose construction combined with the evidence that the plaintiff and individual members of the plaintiff vigorously opposed the sponsor's attempts to obtain a building permit, are adequate to demonstrate that the defendants' first counterclaim had "a substantial basis in fact and law" (CPLR 3212 [h]; *see* Civil Rights Law § 70-a [1] [a]; *Southampton Day Camp Realty, LLC v Gormon*, 118 AD3d at 978; *Giorgio v Pilla*, 100 AD3d at 828; *Matter of Related Props., Inc. v Town Bd. of Town / Vil. of Harrison*, 22 AD3d at 591). Accordingly, the Supreme Court properly denied the plaintiff summary judgment dismissing the first counterclaim, and granted the defendant summary judgment dismissing the seventh cause of action.

Finally, contrary to the plaintiff's contention, the Supreme Court properly dismissed the eighth cause of action as duplicative of the first and fourth causes of action (*see Alizio v Feldman*, 82 AD3d 804, 805 [2011]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Leventhal, Austin and Hinds-Radix, JJ., concur.