**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., and DOMINION VOTING SYSTEMS CORPORATION, | ) ) ) ) ) | C.A. No.: N21C-03-257 EMD |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| FOX NEWS NETWORK, LLC, | ) ) ) | |
| Defendant. | ) ) ) | |
| US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., and DOMINION VOTING SYSTEMS CORPORATION, | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | C.A. No. N21C-11-082 EMD |
| v. | ) ) ) | |
| FOX CORPORATION and FOX BROADCASTING COMPANY, LLC, | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION ON APPLICABILITY
OF NEW YORK'S ANTI-SLAPP LAW**

**DAVIS, J.**

## I.     INTRODUCTION

On August 30, 2022, the Court entered an Order Setting Briefing Schedule on Issues

Raised in December 16, 2021 Opinion.  In the Opinion, the Court identified two issues that

needed additional briefing: (i) "whether New York's anti-SLAPP applies to this proceeding," and (ii) "whether Dominion qualifies as a 'public' or 'private' figure."[1]

Since the filing of Dominion's complaints, in their answers, Defendants and Counter-Plaintiffs Fox News Network, LLC ("FNN") and Fox Corporation ("Fox Corporation") (collectively, "Fox") each raised a counterclaim alleging that Plaintiffs and Counter-Defendants US Dominion Inc., Dominion Voting Systems, Inc. and Dominion Voting Systems Corporation (collectively, "Dominion") violated New York anti-SLAPP Law.[2] Specifically, FNN and Fox Corporation included counterclaims with a single issue: that Dominion violated New York's anti-SLAPP law because Dominion commenced and continued these lawsuits without a substantial basis in law and fact to infringe upon FNN's free speech and free press rights.[3] Fox seeks a judgment for all costs, including attorney's fees.[4] Dominion denies Fox's allegations.[5]

There is a disagreement as to whether New York anti-SLAPP law applies to this lawsuit. FNN and Dominion have submitted briefing on the issue. Fox Corporation has not submitted a brief; however, the Court has consolidated C.A. No. N21C-03-257 EMD and C.A. No. N21C-11-082 EMD (the "Consolidated Cases") and both FNN and Fox Corporation raise the same counterclaim against Dominion. The Court will apply the rulings in this memorandum opinion in the Consolidated Cases.

---

[1] *See US Dominion, Inc. v. Fox News Network, LLC*, 2021 WL 5984265, at *29 (Del. Super. Dec. 16, 2021), and *appeal refused*, 270 A.3d 273 (Del. 2022) ("*Dominion I*"). The Court's motion to dismiss decision in C.A. No. N21C-11-082 EMD can be found at US Dominion, Inc. v. Fox Corporation, 2022 WL 2229781 (Del. Super. June 21, 2022) ("*Dominion II*")

[2] *See* Def.'s Answer to Pls.' Compl. and Countercl. ("FNN Countercl."), Jan. 24, 2022 (FNN D.I. 181), Def.'s Answer, Defenses and Countercl. ("FC Countercl."), July 6, 2022 (FC D.I. 43).

[3] *See* FNN Countercl. at 63-65 ¶¶ 1-14; FC Countercl. at 85 ¶ 10.

[4] FNN Countercl. at 65 ¶ 13; FC Countercl. at 85 ¶ 10 (FC also seeks compensatory and punitive damages).

[5] *See* Pls.' and Counter-Defendants US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corp.'s Answer and Defenses to Counter-Plaintiff and Defendant Fox New Network, LLC's Counterclaim ("FNN Countercl. Answer"), Feb. 14, 2022 (D.I. 199); Pls.' and Counter-Defendants US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corp.'s Answer and Defenses to Counter-Plaintiff and Defendant Fox Corporation's Counterclaim ("FC Countercl. Answer"), July 26, 2022 (FC D.I. 56).

For the reasons set forth below, the Court will: (i) apply N.Y. C.P.L.R. § 76-a ("Section 76-a") in the Consolidated Cases at trial; (ii) use the legal standard of Civil Rule 56 and not N.Y. C.P.L.R. 3212(h) ("Rule 3212") when deciding summary judgment; and (iii) defer any ultimate ruling on N.Y. C.P.L.R. § 70-a ("Section 70-a").

## II.    RELEVANT FACTS

### A. THE PARTIES

Counter-Defendant US Dominion Inc. is a for-profit Delaware corporation with its principal place of business in Denver, Colorado.[6] Counter-Defendant Dominion Voting Systems, Inc. is a for-profit Delaware Corporation with its principal place of business in Denver, Colorado.[7] It also maintains an office in New York.[8] It is a wholly owned subsidiary of US Dominion, Inc.[9] Counter-Defendant Dominion Voting Systems Corporation is a for-profit Ontario, Canada corporation with its principal place of business in Toronto, Ontario.[10] It is a wholly owned subsidiary of US Dominion, Inc.[11]

Defendant and Counter-Plaintiff FNN operates the Fox News Channel and other related media networks.[12] FNN is a limited liability company incorporated in Delaware with its principal place of business in New York.[13] Defendant and Counter-Plaintiff Fox Corporation is a limited liability company incorporated in Delaware with its principal place of business in New York.[14]

---

[6] Compl. at 4 ¶ 8, Mar. 26, 2021 (FNN D.I. 1).
[7] *Id.* at 4 ¶ 9.
[8] *Id.*
[9] *Id.*
[10] *Id.* at 4 ¶ 10.
[11] *Id.* at 4-5 ¶ 10.
[12] FNN Countercl. at 62 ¶ 1.
[13] *Id.*
[14] FNN Countercl. at 85 ¶ 11.

## B. FACTUAL BACKGROUND

The factual allegations and background have been thoroughly discussed in *Dominion I* and *Dominion II*. Accordingly, this decision will not specifically go through the allegations and incorporates the "Background" sections from those decisions.

## C. PROCEDURAL POSTURE

Dominion filed its Complaint against FNN on March 26, 2021, alleging defamation *per se*.[15] On May 18, 2021, FNN filed a Motion to Dismiss for Failure to State a Claim.[16] The Court denied FNN's motion to dismiss on December 16, 2021 in *Dominion I*. In *Dominion I*, the Court applied Delaware procedural law, *i.e.*, the legal standard applicable to Civil Rule 12(b), in its review of the sufficiency of the pleadings, and postponed the question of whether New York anti-SLAPP law applied to the substantive issues.[17]

On January 24, 2022, FNN filed its Answer, which includes the Counterclaim at issue.[18] The Counterclaim alleges one cause of action – that Dominion violated the New York Civil Rights "anti-SLAPP" law.[19] Specifically, FNN alleges that Dominion's lawsuit is an "attempt to punish FNN for exercising its constitutional rights in a manner Dominion does not like, to censor and chill FNN . . . and to intimidate FNN and anyone else who might consider exercising constitutional rights. . . ."[20] FNN alleges that the action "involv[es] public petition and participation" and that "Dominion commenced and continued its action without a substantial basis in fact and law" because its action is "foreclosed by multiple First Amendment and state law doctrines that protect free speech and the press."[21] On February 14, 2022, Dominion filed its

---

[15] FNN Compl.
[16] FNN Mot. to Dismiss, May 18, 2021 (FNN D.I. 45).
[17] *Id.* at 31-36.
[18] *See* FNN Countercl.
[19] *Id.* at 63 ¶ 7.
[20] *Id.* at 64 ¶ 11.
[21] *Id.* at 63-63 ¶¶ 6-10.

4

Answer and Defenses to FNN's Counterclaim.[22]  Dominion denies the allegations and asserts eight defenses.[23]

On November 8, 2021, Dominion filed its Complaint against Fox Corporation.[24]  On December 30, 2021, Fox Corporation filed a motion to dismiss.[25]  The Court denied Fox Corporation's motion to dismiss on June 21, 2022 in *Dominion II.*   As in *Dominion I*, the Court applied Delaware procedural law in its review of the sufficiency of Dominion's pleading, and postponed the question of whether New York anti-SLAPP law applied to the substantive issues.[26]  On July 6, 2022, Fox Corporation filed its Answer and Counterclaim.[27]  On July 26, 2022, Dominion filed its Answer and Defenses to the Counterclaim, calling Fox Corporation's counterclaim meritless.[28]

On September 19, 2022, FNN filed its Brief on New York's anti-SLAPP Law.[29]  On September 28, 2022, Dominion filed its Response to Defendant's Brief on New York's anti-SLAPP Law.[30]  On October 10, 2022, FNN filed a Reply Brief on New York anti-SLAPP Law.[31]

---

[22] *See* FNN Countercl. Answer.
[23] *Id.* at 4–6.  Dominion asserts that (1) FNN fails to state a claim upon which relief can be granted; (2) FNN is not entitled to costs and attorney's fees because Dominion's lawsuit has a substantial basis in fat and law; (3) FNN is not entitled to damages because it cannot demonstrate Dominion's suit was commenced or continued for the purpose of harassing, intimidating, punishing, or otherwise offensive or inhibiting speech; (4) FNN is barred because its statements were not protected speech; (5) FNN is barred and/or limited by its own bad faith or unclean hands; (6) FNN is barred because its Counterclaim violates Dominion's rights under the First and Seventh Amendment; (7) FNN's Counterclaim is frivolous under New York Civil Practice Law and Rules § 8303-a; and (8) FNN's Counterclaim is without merit and without substantial basis in fact and law within the meaning of New York Civil Rights Law § 70-a.  *Id.*
[24] Compl., Nov. 8, 2021 (FC D.I. 1).
[25] FC Mot. to Dismiss, Dec. 30, 2021 (D.I. 14).
[26] *Id.* at 9.
[27] FC Countercl..
[28] FC Countercl. Answer at 9, July 26, 2022 (FC D.I. 56).
[29] Def.'s Br. on New York's anti-SLAPP Law ("Def.'s anti-SLAPP Br."), Sep. 19, 2022 (D.I. 595).  FNN filed one exhibit, "Exhibit A," with its brief.  Exhibit A includes the New York Assembly's amendments to the statute broadening the scope of "public participation and petition."  *Id.*
[30] Pls.' Response to Def.'s Br. on New York's anti-SLAPP Law ("Pls.' anti-SLAPP Response"), Sep. 28, 2022 (D.I. 634).
[31] Def.'s Reply Br. on New York's anti-SLAPP Law ("Def.'s anti-SLAPP Reply"), Oct. 10, 2022 (D.I. 699).

On December 22, 2022, the Court entered an Order consolidating the Consolidated Cases for trial.[32]

A briefing schedule for filing summary judgment motions has been set and is as follows: (i) opening motions and briefs are due on January 17, 2023; (ii) opposition briefs are due on February 8, 2023; and (iii) reply briefs are due on February 20, 2023.[33] The Order stated that the parties may supplement the opposition briefs with discovery obtained during January 2023 and reply briefs may respond to any supplements based on discovery obtained during January 2023.[34] The Court notes that all the parties have filed summary judgment motions.

### III. PARTIES' CONTENTIONS

#### A. Fox

FNN contends that multiple portions of the New York anti-SLAPP statute are substantive or outcome determinative, and therefore must apply.[35] FNN argues that the standard of care and evidentiary burden as set forth in Section 76-a are substantive.[36] FNN states that both New York and Delaware hold that the standard of care is substantive.[37] FNN then provides that New York law considers the "clear-and-convincing" burden of proof to be substantive,[38] and "Delaware courts apply foreign law that establishes 'a heighted burden of proof' dictating 'the outcome of the trial' because [it] 'affect[s] the outcome of the trial rights.'"[39]

---

[32] Order Consolidating for Trial C.A. No. N21-03-257 EMD and C.A. No. N21-C-11-082 EMD, Dec. 22, 2022 (D.I. 890).

[33] Order Setting Briefing on Summ. J. Mots., Jan. 6, 2023 (D.I. 920).

[34] *Id.*

[35] Def.'s anti-SLAPP Br., at 1. *See* Order Designating New York Law and Waiving *Forum Non Conveniens*, Apr. 27, 2021 (D.I. 40) (applying New York substantive law).

[36] *Id.* at 1-4.

[37] *Id.* at 2-3.

[38] *Id.* at 3 (citing *Palin v. N.Y. Times Co.*, 510 F.Supp.3d 21, 26 (S.D.N.Y. 2020)).

[39] *Id.* (quoting *Meyers v. Intel Corp.*, 2015 WL 227824, at *4 (Del. Super. Jan. 15, 2015)).

FNN next argues that the cause of action set forth in Section 70-a, including the attorney fee-shifting provision, is substantive.[40]  FNN maintains that Section 70-a creates a cause of action for defamation defendants, and that cause of action is therefore a "statutory right."[41]  FNN submits that causes of action are substantive because they "create and vest legal rights."[42]  FNN also emphasizes that the attorneys' fees provision is substantive because the U.S. Supreme Court, federal courts, and Delaware have recognized fee-shifting as a substantive issue.[43]

FNN then contends that that the heightened standard for summary judgment set forth in Rule 3212(h) is inseparably interwoven with substantive rights and therefore is potentially outcome-determinative.[44]  FNN asserts that the rights to free speech and protection of public discussion against litigation costs are "inseparably interwoven with" the standard and therefore substantive.[45]  FNN argues that because the standard is heightened, it would be outcome-determinative if Dominion cannot meet its high bar.[46]

## B.  DOMINION

Dominion concedes that Section 76-a.2 applies to Dominion's defamation claims.[47]

Dominion argues, however, that Section 70-a does not apply.[48]  Dominion contends that the statute is meant to apply to New York conduct, and this lawsuit was filed in Delaware; therefore, Dominion claims there is a presumption against applying New York law

---

[40] *Id.* at 1, 4–7.
[41] *Id.* at 4 (citing *Waterways at Bay Pointe Homeowners Ass'n v. Waterways Dev. Corp.*, 969 N.Y.S.2d 807 (N.Y. Sup. Ct. 2013) *aff'd* 19 N.Y.S.3d 536 (N.Y. App. Div. 2015)).
[42] *Id.* at 5 (citing *Application of Buresch*, 672 A.2d 64, 65 (Del. 1996),
[43] *Id.* at 5-6.
[44] *Id.* at 1, 7-10.
[45] *Id.* at 9 (citing *Godin v. Schencks*, 629 F.3d 79, 89 (1st Cir. 2010) (applying a Maine anti-SLAPP procedural standard that required a plaintiff attempting to defeat a special motion to dismiss to prove defendant's activity was without reasonable factual support and without an arguable basis in law because the standard was so intertwined with the state remedy).
[46] *Id.* at 8-9.
[47] Pls.' anti-SLAPP Response, at 1.
[48] *Id.* at 7-9.

extraterritorially.[49]  Dominion then submits that under choice-of-law principles, Delaware law governs Dominion's filing of this civil action because the action was filed in Delaware and, therefore, Delaware is the jurisdiction with the "most significant relationship."[50]  Dominion stresses that FNN has not cited, and Dominion has not found, a successful Section 70-a claim outside of New York.[51]  Dominion alternatively suggests that the Court could defer its ruling until after a resolution of Dominion's claims if the issue is not moot.[52]

Dominion also argues that Rule 3212(h) is procedural and, under choice-of-law, is inapplicable.[53]  Dominion emphasizes that in *Dominion I*, the Court rejected a similar argument that New York's specialized anti-SLAPP procedural standard for motions to dismiss should apply, reasoning that the Delaware standard did not deprive substantive rights.[54]  Dominion further argues that there is no substantive right to a particular summary judgment standard.[55]

## IV.  DISCUSSION

### A. RELEVANT STATUTES AND RULES

Three provisions of the New York anti-SLAPP law are addressed in the briefs.  Section 76-a requires plaintiffs prove actual malice by a clear and convincing evidence standard.[56]  Section 76-a provides:

> In an action involving public petition and participation, damages may only be recovered if the plaintiff, in addition to all other necessary elements, shall have established by clear and convincing evidence that any communication which gives rise to the action was made with knowledge of its falsity or with reckless disregard

---

[49] *Id.* (citing *Glob. Reinsurance Corp. U.S. Branch v. Equitas Ltd.*, 969 N.E.2d 187, 195 (N.Y. 2012).
[50] *Id.* at 8-9.  Although the parties agreed that New York had the "most significant relationship to the claims and defenses raised by the parties" in the stipulation, Dominion reserved their rights and arguments with respect to New York anti-SLAPP law.  *See* Order Designating New York Law and Waiving *Forum Non Conveniens*.
[51] *Id.* at 7.
[52] *Id.* at 9-10.
[53] *Id.* at 2.
[54] *Id.* (citing *Dominion I* at *18).
[55] *Id.* at 2–6.
[56] *See* N.Y. C.P.L.R. § 76-a.2 (McKinney).

of whether it was false, where the truth or falsity of such communication is material to the cause of action at issue.[57]

The next provision addressed is Section 70-a, which creates a statutory cause of action for defendants of lawsuits who allege the underlying lawsuit was a SLAPP suit. Section 70-a.1 states:

> A defendant in an action involving public petition and participation, as defined in paragraph (a) of subdivision one of section seventy-six-a of this article, may maintain an action, claim, cross claim, or counterclaim to recover damages, including costs and attorney's fees, from any person who commenced or continued such action . . . (a) upon a demonstration . . . that the action involving public petition and participation was commenced or continued without substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification or reversal of existing law.[58]

The final provision discussed is Rule 3212(h), which establishes a heightened standard for a party to defeat a motion for summary judgment, stating:

> A *motion for summary judgment, in which the moving party has demonstrated that the action, claim, cross claim or counterclaim subject to the motion is an action involving public petition and participation*, as defined in paragraph (a) of subdivision one of section seventy-six-a of the civil rights law, *shall be granted unless the party responding to the motion demonstrates that the action, claim, cross claim or counterclaim has a substantial basis in fact and law* or is supported by a substantial argument for an extension, modification or reversal of existing law. The court shall grant preference in the hearing of such motion.[59]

The standard of review on a motion for summary judgment under Civil Rule 56 in Delaware is well-settled. The Court's principal function when considering a motion for

---

[57] *Id.* An action involving public petition and participation is defined as a claim based on:
> (1) any communication in a place open to the public or a public forum in connection with an issue of public interest; or (2) any other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest, or in furtherance of the exercise of the constitutional right of petition.

*Id.* at § 76-a.1.

[58] N.Y. C.P.L.R. § 70-a (McKinney).

[59] N.Y. C.P.L.R. 3212(h) (McKinney) (emphasis added).

9

summary judgment is to examine the record to determine whether genuine issues of material fact exist, "but not to decide such issues."[60]

Summary judgment will be granted if, after viewing the record in a light most favorable to a nonmoving party, no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.[61] If, however, the record reveals that material facts are in dispute, or if the factual record has not been developed thoroughly enough to allow the Court to apply the law to the factual record, then summary judgment will not be granted.[62] The moving party bears the initial burden of demonstrating that the undisputed facts support its claims or defenses.[63] If the motion is properly supported, then the burden shifts to the non-moving party to demonstrate that there are material issues of fact for the resolution by the ultimate fact-finder.[64]

## B. THE PARTIES AGREE THAT SECTION 76-a.2 APPLIES

Here, the parties agree that Section 76-a.2 applies to Dominion's defamation claim.[65] As such, the Court will not spend time or space analyzing the applicability of Section 76-a.2. The Court will use Section 76-a in this civil action.

## C. RULE 3212(h) DOES NOT APPLY

FNN contends that Rule 3212(h), which is a heightened summary judgment standard, applies to Dominion's claims because the heightened standard is "inseparably interwoven with substantive rights" and is "potentially outcome-determinative."[66] FNN argues that Dominion

---

[60] *Merrill v. Crothall-American Inc.*, 606 A.2d 96, 99-100 (Del. 1992) (internal citations omitted); *Oliver B. Cannon & Sons, Inc. v. Dorr-Oliver, Inc.*, 312 A.2d 322, 325 (Del. Super. 1973).
[61] *See Merrill*, 606 A.2d at 99-100.
[62] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962); *see also Cook v. City of Harrington*, 1990 WL 35244, at *3 (Del. Super. Feb. 22, 1990) (citing *Ebersole*, 180 A.2d at 467) ("Summary judgment will not be granted under any circumstances when the record indicates . . . that it is desirable to inquire more thoroughly into the facts in order to clarify the application of law to the circumstances.").
[63] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979) (citing *Ebersole*, 180 A.2d at 470).
[64] *See Brzoska v. Olsen*, 668 A.2d 1355, 1364 (Del. 1995).
[65] Pls.' anti-SLAPP Response, at 1.
[66] Def.'s anti-SLAPP Br. at 7.

10

must prove its lawsuit has a "substantial basis in fact and law" at the summary judgment stage, which is more than the traditional genuine dispute of material fact.[67] Citing to a New York case, FNN argues that this standard requires "strong evidence that a trier of fact could determine" that plaintiff could prevail on the merits.[68]

FNN argues that the heightened burden is inseparably interwoven with the substantive right of protecting against litigation that chills free speech and potentially outcome-determinative.[69] FNN claims New York employs this heightened standard as an act of protection against chilling public discussion through litigation costs, and therefore the standard is "vitally bound up with the adjudication" of the substantive right of protecting free speech.[70]

Dominion, on the other hand, argues that FNN failed to identify a substantive right that it would be deprived of under the traditional summary judgment standard beyond (1) protection against litigation that chills free speech through a particular standard of review and (2) the right to free speech itself.[71] Dominion notes that the Court previously rejected FNN's argument that it had a substantive right to a particular standard of review in *Dominion I*.[72] The Court reached this same conclusion in *Dominion II*.[73]

Dominion additionally contends that not applying Rule 3212(h) will not deprive FNN of its constitutional right to free speech.[74] Dominion points out that a case FNN relies on, *Meyers v. Intel Corp.*,[75] held that Colorado procedural provisions on pleading exemplary damages did not

---

[67] *Id.* at 8. *Compare with* Super. Ct. Civ. R. 56(c).
[68] *Id.* (quoting *T.S. Hauler, Inc. v. Kaplan,* 2001 WL 1359106, at *3 (N.Y. Sup. Ct. July 17, 2001)).
[69] *Id.* at 7-9. *See Godin v. Schencks*, 629 F.3d 79, 89 (1st Cir. 2010) (holding that a Maine statute requiring heightened burden of proof for anti-SLAPP suits was a supplemental and substantive rule, stating it was "so intertwined with a state right or remedy that it functions to define the scope of the state-created right").
[70] *Id.* at 10 (quoting *Meyers v. Intel Corp.*, 2015 WL 227824, at *3 (Del. Super. Jan. 15, 2015)).
[71] Pls. anti-SLAPP Response, at 2.
[72] *Id.* (citing *Dominion I*).
[73] *Dominion II* at *4.
[74] Pls.' anti-SLAPP Response at 2.
[75] 2015 WL 227824 (Del. Super. Jan. 15, 2015).

apply in Delaware, and only Colorado's heightened standard of proof as to the actual damages claim applied.[76]  Dominion further contends that the cases FNN cites to are the minority side of a federal split regarding whether anti-SLAPP laws supersede federal standards for motions to dismiss and summary judgment.[77]  Dominion notes that the majority of federal courts have held anti-SLAPP laws are procedural and thus refused to apply anti-SLAPP heightened standards in lieu of the federal standards.[78]

This Court held in *Dominion I* and *Dominion II* that standards of review are traditionally classified as procedural.[79]  The procedural law of the forum state governs procedure except in cases where the "procedural rule of the foreign state is 'so inseparably interwoven with the substantive rights as to render a modification of the foregoing rule necessary, lest a party be thereby deprived of his legal rights.'"[80]  The Court is not alone in this conclusion as a number of courts—even ones located in New York—have arrived at this same result.[81]

Furthermore, the heightened standard is not inseparably interwoven with a substantive right.  As in *Dominion I* and *Dominion II*, the Court holds there is not a substantive right to a heightened summary judgment standard, much like there is not a substantive right to a particular pleading standard.  Applying the traditional summary judgment standard will not infringe on

---

[76] *Id.* at 3.
[77] *Id.* at 4.  These cases hold that a heightened burden of proof is substantive.  *See Godin v. Schencks*, 629 F.3d 79, 89 (1st Cir. 2010); *Carachini v. Peck*, 355 F.Supp.3d 1052, 1060-61 (D. Kan. 2018); *Adelson v. Harris*, 774 F.3d 803, 809 (2d Cir. 2014); *Steinmetz v. Coyle  Caron, Inc.*, 2016 WL 4074135, at *3 (D. Mass. July 26, 2016).
[78] *Id.* at 4–5.  *See La Liberte v. Reid,* 966 F.3d 79, 88 (2d Cir. 2020)*; Klocke v. Watson,* 936 F.3d 240, 245 (5th Cir. 2019)*; Los Lobos Renewable Power, LLC v. Americulture, Inc.,* 885 F.3d 659, 673 (10th Cir. 2018)*; Carbone v. Cable News Network, Inc.,* 910 F.3d 1345, 1356 (11th Cir. 2018)*; Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328, 1333 (D.C. Cir. 2015).
[79] *Dominion I* at *17-20*; Dominion II* at *4.
[80] *Chaplake Holdings, LTD. v. Chrysler Corp.*, 766 A.2d 1, 5 (Del. 2001) (quoting *Monsanto Co. v. Aetna Cas. and Surety Co.*, 1994 WL 317557, at *4 (Del. Super. Apr. 15, 1994)).
[81] *See, e.g., Carroll v. Trump*, 590 F.Supp. 3d 575, 583-85 (S.D.N.Y. 2022)(holding that Federal Civil Rules 12 and 56 apply instead of New York's anti-SLAPP provisions); *see also La Liberte v. Reid*, 966 F.3d 79, 86-89 (2d. Cir. 2020)(in case involving California anti-SLAPP statute, "…federal courts must apply Rules 12 and 56 instead of California's special motion to strike.").

FNN's right to protect free speech. The Court, therefore, will use Civil Rule 56, and its legal standard, and not Rule 3212(h) when addressing the various summary judgment motions.

### D. THE COURT IS DEFERRING ON SECTION 70-a

The Court is deferring on the decision on whether to apply Section 70-a. The Court understands that many upcoming rulings and factual presentations could make this issue moot. First, the Court did a review of Section 70-a decisions in New York and has not seen its application in any case where the plaintiff survived a motion to dismiss or summary judgment. Second, the decision in *La Liberte v. Reid* calls into question whether Section 70-a is available outside of New York state courts when Civil Rule 11 is available.[82]

## V. CONCLUSION

For the foregoing reasons, the Court will: (i) apply Section 76-a; (ii) apply Civil Rule 56 and not Rule 3212(h); and (iii) defer any ruling on the applicability of Section 70-a.

Dated: January 27, 2023
Wilmington, Delaware

*/s/ Eric M. Davis*
Eric M. Davis, Judge

cc:    File&ServeXpress

---

[82] *Reid*, 966 F.3d at 88-89.; *see also Nat'l Acadamy of Television Arts & Scis., Inc. v. Multimedia Sys. Design, Inc.*, 551 F.Supp. 3d 408, 431-42 (S.D.N.Y. 2021).