GLD3, LLC v Albra (2025 NY Slip Op 04881)

GLD3, LLC v Albra

2025 NY Slip Op 04881

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
LILLIAN WAN
CARL J. LANDICINO, JJ.

2020-07780
 (Index No. 51088/20)

[*1]GLD3, LLC, et al., appellants-respondents, et al., plaintiff, 
v
Ozem "Ozzy" Albra, respondent-appellant, et al., defendants.

Holland & Knight LLP, New York, NY (Stephen J. Riccardulli of counsel), for appellants-respondents.
Denlea & Carton LLP, White Plains, NY (James R. Denlea and Craig M. Cepler of counsel), for respondent-appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for malicious prosecution, the plaintiffs GLD3, LLC, and Snook-9 Realty, Inc., appeal, and the defendant Azem "Ozzy" Albra, sued herein as Ozem "Ozzy" Albra, cross-appeals, from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated September 24, 2020. The order, insofar as appealed from, granted that branch of that defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint filed by those plaintiffs insofar as asserted against him. The order, insofar as cross-appealed from, denied that branch of that defendant's motion which was for leave to amend his answer to the complaint filed by those plaintiffs to assert counterclaims pursuant to Civil Rights Law §§ 70-a and 76-a, and, in effect, denied that branch of that defendant's motion which was for an award of costs and attorneys' fees pursuant to 22 NYCRR 130-1.1 against those plaintiffs.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiffs GLD3, LLC, and Snook-9 Realty, Inc. (hereinafter together the GLD3 plaintiffs), are the owners of two parcels of land located in Fishkill (hereinafter the property). In 2015, the plaintiffs submitted a formal proposal to further develop the property by building a historical "colonial village" to be known as "Continental Commons."
The Town Board of the Town of Fishkill (hereinafter the Board) had scheduled a hearing for December 18, 2019, on the GLD3 plaintiffs' application to extend certain water and sewer districts to include the property so that those water and sewer districts could serve "Continental Commons." On that date, however, a quorum of the Board failed to appear, and, thus, the hearing never occurred. The then-Town Supervisor called for a special meeting and additional hearings to be held on December 30, 2019.
On December 30, 2019, the defendant Azem "Ozzy" Albra, sued herein as Ozem "Ozzy" Albra, who was then the Town Supervisor-Elect, commenced a proceeding pursuant to CPLR article 78 (hereinafter the underlying proceeding) seeking, inter alia, a temporary restraining [*2]order prohibiting the Board from conducting the hearings on the GLD3 plaintiffs' application scheduled for that date. On that date, the Supreme Court conducted a hearing with, among others, the GLD3 plaintiffs and Albra present, after which it granted the temporary restraining order. On December 31, 2019, the next day, Albra discontinued the underlying proceeding, and on January 1, 2020, Albra assumed his position as Town Supervisor. It appears that the GLD3 plaintiffs' application was never approved.
Thereafter, the GLD3 plaintiffs commenced this action against Albra, among others, to recover damages for malicious prosecution. Albra interposed an answer to the complaint filed by the GLD3 plaintiffs in which he denied the material allegations in the complaint. Thereafter, Albra moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the complaint filed by the GLD3 plaintiffs insofar as asserted against him, for leave to amend his answer to assert counterclaims pursuant to Civil Rights Law §§ 70-a and 76-a, and for an award of costs and attorneys' fees pursuant to 22 NYCRR 130-1.1 against the GLD3 plaintiffs. In an order dated September 24, 2020, the Supreme Court, among other things, granted that branch of Albra's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint filed by the GLD3 plaintiffs insofar as asserted against him, denied that branch of his motion which was for leave to amend his answer to assert counterclaims pursuant to Civil Rights Law §§ 70-a and 76-a, and, in effect, denied that branch of his motion which was for an award of costs and attorneys' fees pursuant to 22 NYCRR 130-1.1 against the GLD3 plaintiffs. The GLD3 plaintiffs appeal, and Albra cross-appeals.
The Supreme Court properly granted that branch of Albra's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint filed by the GLD3 plaintiffs insofar as asserted against him. When considering a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, "the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Jennings v Metropolitan Transp. Auth., 226 AD3d 662, 663 [internal quotation marks omitted]; see Sander v Westchester Reform Temple, 228 AD3d 688, 689, lv granted 42 NY3d 910). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Old Republic Natl. Title Ins. Co. v 1152 53 Mgt., LLC, 227 AD3d 824, 826 [internal quotation marks omitted]; see Jennings v Metropolitan Transp. Auth., 226 AD3d at 663-664).
"The elements of the tort of malicious prosecution of a civil action are (1) prosecution of a civil action against the plaintiff, (2) by or at the instance of the defendant, (3) without probable cause, (4) with malice, (5) which terminated in favor of the plaintiff, and (6) causing special injury" (Kaufman v Kaufman, 206 AD3d 805, 807-808 [internal quotation marks omitted]; see Maspeth Fed. Sav. & Loan Assn. v Elizer, 197 AD3d 1253, 1254-1255). "The plaintiff, in asserting a cause of action for malicious prosecution, must allege not only that the prior action was commenced for a purpose other than the adjudication of the claim, but that there was 'an entire lack of probable cause in the prior proceeding'" (Kaufman v Kaufman, 206 AD3d at 808, quoting Engel v CBS, Inc., 93 NY2d 195, 204; see Facebook, Inc. v DLA Piper LLP [US], 134 AD3d 610, 613). "The absence of probable cause must also be patent" (Kaufman v Kaufman, 206 AD3d at 808).
Here, the Supreme Court's granting of a temporary restraining order in the underlying proceeding created a presumption that Albra had probable cause to bring that proceeding (see Hornstein v Wolf, 67 NY2d 721, 723; Facebook, Inc. v DLA Piper LLP [US], 134 AD3d at 614; Shaffer v Gilberg, 125 AD3d 632, 635), and the GLD3 plaintiffs failed specifically to plead facts to overcome that presumption (see Hornstein v Wolf, 67 NY2d at 723). Moreover, the evidentiary material submitted by Albra in support of his motion, which included the petition filed in the underlying proceeding and a transcript of the hearing that resulted in the temporary restraining order, further established that the allegation of an "entire lack of probable cause in the" underlying proceeding was not a fact at all (Kaufman v Kaufman, 206 AD3d at 808; see Engel v CBS, Inc., 93 [*3]NY2d at 204; Shaffer v Gilberg, 125 AD3d at 635).
The Supreme Court also properly denied that branch of Albra's motion which was for leave to amend his answer to assert counterclaims pursuant to Civil Rights Law §§ 70-a and 76-a. "Applications for leave to amend pleadings under CPLR 3025(b) should be freely granted unless the proposed amendment would unfairly prejudice or surprise the opposing party, or is palpably insufficient or patently devoid of merit. A court must not examine the legal sufficiency or merits of a pleading unless such insufficiency or lack of merit is clear and free from doubt" (TD Bank, N.A. v Keenan, 221 AD3d 1040, 1041 [citation omitted]; see Hong Qin Jiang v Li Wan Wu, 179 AD3d 1041, 1042).
The 2020 amendments to Civil Rights Law §§ 70-a and 76-a do not apply retroactively to this action (see VIP Pet Grooming Studio, Inc. v Sproule, 224 AD3d 78, 88-89; see also Gottwald v Sebert, 40 NY3d 240, 260). Former "Civil Rights Law § 76-a was passed to protect citizens facing litigation arising from their public petitioning and participation by deterring strategic lawsuits against public participation, termed SLAPP suits" (Waterways at Bay Pointe Homeowners Assn., Inc. v Waterways Dev. Corp., 132 AD3d 975, 979; see Southampton Day Camp Realty, LLC v Gormon, 118 AD3d 976, 977). "Related provisions passed in the same bill include Civil Rights Law § 70-a, which permits a defendant in such actions to recover costs and an attorney's fee, and CPLR 3211(g) and CPLR 3212(h)" (Southampton Day Camp Realty, LLC v Gormon, 118 AD3d at 977-978). Those provisions "require the plaintiff, on a motion to dismiss pursuant to CPLR 3211(a)(7) for failure to state a cause of action or for summary judgment pursuant to CPLR 3212, to demonstrate that the action has a substantial basis in fact and law or is supported by a substantial argument for an extension, modification or reversal of existing law" (id. at 978 [internal quotation marks omitted]; see International Shoppes, Inc. v At the Airport, LLC, 131 AD3d 926, 929; Novosiadlyi v James, 70 AD3d 793, 794). Here, the GLD3 plaintiffs demonstrated that the action had a substantial basis in fact and law (see Mable Assets, LLC v Rachmanov, 192 AD3d 998, 1001).
The Supreme Court also properly, in effect, denied that branch of Albra's motion which was for an award of costs and attorneys' fees pursuant to 22 NYCRR 130-1.1 against the GLD3 plaintiffs. While the court properly granted dismissal of their complaint, the GLD3 plaintiffs' arguments in support thereof did not rise to the level necessary to constitute "frivolous conduct" within the meaning of 22 NYCRR 130-1.1 (see U.S. Bank N.A. v Jack, 219 AD3d 1369, 1372; Matter of Fanizzi v Planning Bd. of Patterson, 146 AD3d 98, 107-108).
The parties' remaining contentions need not be reached in light of our determination.
IANNACCI, J.P., GENOVESI, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court